**MAYALL HURLEY**
**A Professional Corporation**
**2453 Grand Canal Boulevard**
**Stockton, California 95207**
**Telephone (209) 477-3833**
**Facsimile (209) 473-4818**
**ROBERT J. WASSERMAN**
CA State Bar No. 258538
**VLADIMIR J. KOZINA**
CA State Bar No. 284645
**JENNY D. BAYSINGER**
CA State Bar No. 251014

**Attorneys for Plaintiff JUSTIN TITUS**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN TITUS,**<br><br>　　**Plaintiff,**<br><br>**vs.**<br><br>**MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive,**<br><br>　　**Defendants.** | **Case No.: 2:16-cv-00635-KJM-EFB**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MCLANE FOODSERVICE, INC.'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**<br><br>Hearing Date:　May 18, 2016<br>Time:　　　　 1:30 p.m.<br>Courtroom:　　3<br>Judge:　　Hon. Kimberly J. Mueller<br><br>Complaint filed: December 30, 2015<br>Removal filed: March 25, 2016 |

## I. INTRODUCTION

While Defendant McLane Foodservice, Inc. ("Defendant") appears correct in its contention that California Healthy Workplaces Healthy Families Act of 2014, California Labor Code §§ 245, et seq., (the "Act") does not provide a private right of action, Plaintiff Justin Titus ("Titus" or "Plaintiff") has not pursued this claim to

vindicate his private interests. Instead the action is being brought pursuant to the Private Attorney General's Act (the "PAGA") to "vindicate the State's interest in Labor Code enforcement" and recover civil penalties for Defendant's violations of Labor Code section 246 as the proxy for the LWDA. *Urbino v. Orkin Svcs. of Cal.* (9th Cir. 2013) 726 F.3d 1118, 1123. Two principle questions are implicated by the Defendant's Motion;

1. Is the Fifth Cause of Action seeking recovery of civil penalties authorized by the PAGA?
2. Does Labor Code section 248.5 operate to abrogate that authorization or limit the remedies available in a PAGA action as Defendant suggests?

The answer to the former question is unequivocally yes, while the latter must be answered in the negative. The PAGA itself permits an aggrieved employee such as Titus to bring an action in the stead of the LWDA to recover civil penalties "notwithstanding any other provision of law." Cal. Lab. Code § 2699(a). Based on the express language of the PAGA and entrenched principles of statutory construction, section 248.5 (or any other statute) *cannot* have the limiting impact on PAGA's express authorization to bring a civil action to recover civil penalties that Defendant suggests. See *Arias v. Sup. Ct.* (2009) 46 Cal.4th 983 (section 2699(a)'s use of the phrase "notwithstanding any other provision of law" renders provisions of law that conflict with PAGA's provisions inapplicable to actions brought under the statutory scheme). Defendant's request that the Fifth Cause of Action be wholly stricken or dismissed must be denied.[1]

/ / /

---

[1] Titus concedes he is not entitled to "damages" through his Fifth Cause of Action since there is no private right of action under the Act; those damages would include lost wages. As such, Defendant's request to strike Paragraph 1 of the Prayer for Relief in connection with the Fifth Cause of Action for "compensatory, special, and general damages, including lost wages and related benefits" is properly stricken. The reference to civil penalties pursuant to Labor Code section 226 in Paragraph 3 of the Prayer for Relief associated with the Fifth Cause of Action is also properly stricken. All other requests to strike should be denied. Further, it should be noted that an amount equal to lost wages for violations of Labor Code section 246 is within the scope of the civil penalties that may be assessed and collected by the Labor Commissioner or the Attorney General under section 248.5(b)-(c) and thus can be recovered through the PAGA. Thus, while damages are not specifically recoverable, amounts based on those damages are recoverable as civil penalties.

## II. LEGAL ARGUMENT

A. <u>Recovery of Civil Penalties Through a PAGA Action for Violation of Labor Code section 246(h) is Expressly Authorized by 2699(a).</u>

Although the Act does not provide for a private right of action, a representative PAGA claim for the recovery of civil penalties is not—and cannot be—precluded. Defendant's suggestion that section 248.5, subdivision (e) operates to limit remedies available through civil actions brought pursuant to the PAGA is simply incorrect. Maintenance of this civil action by aggrieved employee Titus to recover civil penalties for violations of Labor Code section 246 is expressly authorized by the language of the PAGA itself. PAGA's statutory scheme unequivocally provides that "*[n]otwithstanding any other provision of law*, any provision of this [Labor] code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code may, as an alternative, be *recovered* through a civil action brought by an aggrieved employee on behalf of himself or herself and other current and former employees pursuant to the procedures specified in Section 2699.3." Cal. Lab. Code § 2699(a) (italics added). Principles of statutory construction indicate the propriety of Titus' Fifth Cause of Action for the recovery of civil penalties under the PAGA.

Federal courts interpreting California statutes must look to California principles of statutory construction to inform their evaluation. *Nielsen v. Chang* (9th Cir. 2001) 253 F.3d 520, 527. It is an entrenched principle of California statutory construction that the most valuable tool in ascertaining legislative intent is the common sense meaning of the words employed by the enacting body. E.g. *State Farm Mutual Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043. The Legislature's use of the term "notwithstanding any other provision of law" within the PAGA is dispositive on the issues raised by Defendant's motion. California courts readily acknowledge ". . .the phrase 'notwithstanding any other provision of law' is a

term of art that expresses a Legislative intent to have the specific statute control despite the existence of other law that might control." *Davis v. Fresno Unified Sch. Dist.* (2015) 237 Cal.App.4th 261, 282. The Legislature plainly utilized this "term of art" when enacting the PAGA, indicating a legislative intent that aggrieved employees be authorized to bring civil actions to recover civil penalties on behalf of the LWDA for violations of *any* Labor Code provision "that provides for a civil penalty to be assessed and collected by the [LWDA]" regardless of the existence of other laws that might control or conflict. See *People v. Palacios* (2007) 41 Cal.4th 720, 728-729 (explaining that the phrase "notwithstanding any other provision of law" means what it says and effectively exempts a statutory provision from being abrogated by other potentially conflicting statutes). The California Supreme Court has expressly noted that the "notwithstanding" language in the PAGA renders ". . . provisions of law that conflict with the act's provisions . . . inapplicable to actions brought under the act." *Arias*, *supra*, 46 Cal.4th at p. 983. As such, Labor Code section 248.5, subdivision (e) can have no limiting impact on Titus' right to pursue civil penalties on a representative basis for Defendant's violations of Labor Code section 246.

Defendant does not argue that Labor Code section 248.5 falls outside the scope of a provision "that provides for a civil penalty to be assessed and collected by [the Labor Commissioner] for a violation of the [Labor] code." This is likely true because the statute plainly provides for assessment of civil penalties. Specifically, the statute outlines a number of penalties that may be imposed on an employer violating the Act. Cal. Lab. Code § 248.5(b)(1)-(3); (c). Section 248.5, subdivision (e) acknowledges the civil penalty nature of recovery for violations by expressly authorizing the Labor Commissioner or the Attorney General (and only those governmental representatives) to collect ". . . the payment of an additional sum, not to exceed the aggregate *penalty* of four thousand dollars ($4,000) . . ." Cal. Lab. Code § 248.5(e) (italics added). A penalty imposed and collectible by a

governmental agency, as opposed to one that is recoverable by and directly payable to an individual, constitutes a "civil penalty." *Caliber Bodyworks, Inc. v. Sup. Ct.* (2005) 134 Cal.App.4th 365, 374-375 (explaining difference between civil and statutory penalties).

Since section 248.5 provides for the imposition of civil penalties for violation of Labor Code section 246, an action by Titus as an aggrieved employee to recover those civil penalties on behalf of the LWDA is expressly authorized by the PAGA. Plaintiff's Fifth Cause of Action cannot be stricken or dismissed to the extent it seeks recovery of civil penalties.

B. <u>The Fact Titus is No Longer Employed Has No Impact on His Ability to Pursue Injunctive Relief on Behalf of the LWDA.</u>

Even if Defendant were correct that the remedies available through a PAGA action for violations of Labor Code section 246 can be limited to restitutionary and injunctive relief by section 248.5(e), which it is not, Titus' status as a former employee does not preclude him from seeking such available remedies as the proxy for the LWDA. Defendant's reliance on cases evaluating standing to seek injunctive relief as a class representative to preclude a former employee from enjoining Labor Code violations through the PAGA is misguided. It is well settled that a PAGA action is fundamentally different from a class action. *Baumann v. Chase Investment Svcs., Inc.* (9th Cir. 2014) 747 F.3d 1117, 1122-1123 (outlining the stark contrast between class actions and the PAGA); *Iskanian v. CLS Transportation L.A.* (2014) 59 Cal.4th 348, 382 (real party in interest in a PAGA action is the governmental entity on whose behalf it is pursued); *Arias*, *supra*, 46 Cal.4th at p. 986 (aggrieved employee in PAGA action represents the rights of the LWDA). The PAGA neither creates nor vindicates substantive rights of individual aggrieved employees. Instead, PAGA plainly deputizes individuals to vindicate the rights and interests of the State in enforcing the Labor Code.

It cannot be legitimately contended that the LWDA lacks a cognizable (and present) interest in enjoining violations of provisions of the Labor Code, including violations of the Act. As such, the real party in interest and the party whose rights Titus is pursuing through this action—namely the LWDA—is authorized to seek injunctive relief for ongoing violations. There is no reason Titus cannot seek that same remedy.

## III. CONCLUSION

The PAGA expressly authorizes representative actions by individual aggrieved employees seeking the recovery of civil penalties for violations of the Labor Code "notwithstanding any other provision of law"—it expressly authorizes Titus' Fifth Cause of Action. Labor Code section 248.5 *cannot* operate to abrogate such authorization and Titus' Fifth Cause of Action seeking imposition of civil penalties is entirely proper. Since Titus is merely enforcing the LWDA's interest though his Fifth Cause of Action, and since the LWDA has an undeniable interest in terminating ongoing violations of Labor Code section 246 (and all of its provisions), there is no legal impediment to injunctive relief as a remedy pursuant to the Fifth Cause of Action. Titus respectfully requests that this Court deny Defendant's request to dismiss the Fifth Cause of Action and deny the request to strike references to "civil penalties" within the Complaint.

**DATED:** May 4, 2016              **MAYALL HURLEY P.C.**

By    /s/ Jenny D. Baysinger
      ROBERT J. WASSERMAN
      JENNY D. BAYSINGER
      Attorneys for Plaintiff
      JUSTIN TITUS