**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**
**A LAW CORPORATION**
David A. Wimmer (SBN #155792)
    Email: dwimmer@swerdlowlaw.com
Lori M. Yankelevits (SBN #156253)
    Email: lyankelevits@swerdlowlaw.com
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980
Facsimile: (310) 273-8680

**MCGUIREWOODS LLP**
Matthew C. Kane (SBN #171829)
    Email: mkane@mcguirewoods.com
Sylvia J. Kim (SBN #258363)
    Email: skim@mcguirewoods.com
Sean M. Sullivan (SBN #286368)
    Email: ssullivan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: (310) 315.8200
Facsimile: (310) 315.8210

Attorneys for Defendant
MCLANE FOODSERVICE, INC.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TITUS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive,<br><br>                    Defendant. | CASE NO. 2:16-cv-00635-KJM-EFB<br><br>**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f):**<br><br>**(1)    SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>**(2)    MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:        May 18, 2016**<br>**Time         1:30 p.m.**<br>**Courtroom:   3, 15th Floor**<br>**Judge:       Hon. Kimberly J. Mueller** |

**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ........................................................ iv

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.  INTRODUCTION ................................................................................................................ 1

II.  LEGAL ARGUMENT ........................................................................................................ 2

    A.  PAGA PENALTIES ARE NOT RECOVERABLE FOR SECTION 246(h) VIOLATIONS ........................................................................................................ 2

        1.  PAGA Does Not Conflict With Section 248.5(e) Because Even Under PAGA's Own Statutory Scheme, PAGA Penalties Are Not Recoverable For Violations Of Section 246(h) ........................................... 2

        2.  Even Assuming *Arguendo* That There Was A Conflict Between Section 2699(a) And Section 248.5(e), Section 248.5(e) Must Control Because It Is The More Recent And Specific Statute ...................... 4

    B.  PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED OR STRICKEN BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SEEK SUCH RELIEF AS A FORMER EMPLOYEE ........................................................................ 5

III.  CONCLUSION ................................................................................................................. 7

**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*DeLodder v. Aerotek, Inc.*,
2009 WL 3770670 (C.D. Cal. Nov. 9, 2009) ...............................................6

*Hangarter v. Provident Life and Acc. Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ......................................................................5

*Madrigal v. Tommy Bahama Group, Inc.*,
2010 WL 4384235 (C.D. Cal. Oct. 18, 2010) ..............................................5

*Ramirez v. Manpower, Inc.*,
2014 WL 116531 (N.D. Cal. Jan. 13, 2014) ................................................6

*Richards v. Ernst & Young LLP*,
2010 WL 682314 (N.D. Cal. Feb. 24, 2010) ................................................6

*Stevens v. Datascan Field Servs. LLC*,
2016 WL 627362 (E.D. Cal. Feb. 17, 2016) ............................................5, 6

**CALIFORNIA CASES**

*Allen v. Stoddard*,
212 Cal.App.4th 807 (2013)........................................................................4

*Arias v. Superior Court*,
46 Cal.4th 969 (2009)..................................................................................2

*Bledstein v. Superior Court (Jeziorski)*,
162 Cal.App.3d 152 (1984)..........................................................................5

*Collection Bureau of San Jose v. Rumsey*,
24 Cal.4th 301 (2000)..................................................................................4

*Gafcon, Inc. v. Ponsor & Assocs.*,
98 Cal.App.4th 1388 (2002) ........................................................................5

*Lazar v. Hertz Corp.*,
69 Cal.App.4th 1494 (1999) ........................................................................5

*Scripps Health v. Marin*,
72 Cal.App.4th 324 (1999) ......................................................................5, 6

78050343.3

ii

**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR
STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

**CALIFORNIA STATUTES**

Cal. Lab. Code § 226 .................................................................................................................1

Cal. Lab. Code § 226(a)(6) ........................................................................................................4

Cal. Lab. Code § 226(a)(8) ........................................................................................................4

Cal. Lab. Code § 246(h) ...........................................................................................1, 2, 3, 4, 5, 6

Cal. Lab. Code § 248.5(e) .............................................................................................1, 2, 3, 4, 5

Cal. Lab. Code § 2698 ................................................................................................1, 2, 3, 4, 5, 6

Cal. Lab. Code § 2699(a) ..................................................................................................2, 3, 4, 5

Cal. Lab. Code § 2699.3 ...........................................................................................................2, 3

Cal. Lab. Code § 2699.3(a) ..........................................................................................................3

Cal. Lab. Code § 2699.3(a)(1) ......................................................................................................3

Cal. Lab. Code § 2699.5 ......................................................................................................1, 3, 4

**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

# SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

**TO THE HONORABLE KIMBERLY J. MUELLER, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b) and (d), Defendant McLane Foodservice, Inc. ("MFS" or "Defendant") hereby requests that the Court take judicial notice of the following in support of its Motion to Dismiss or Strike Plaintiff's Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6) and/or 12(f) (the "Motion"):

Exhibit C:    Senate Bill No. 1809, as approved on August 11, 2004, from the legislative history on Cal. Lab. Code § 2699.3 and 2699.5.

Exhibit D:    Assembly Bill No. 1506, as approved on October 2, 2015, from the legislative history on Cal. Lab. Code §§ 2699, 2699.3 and 2699.5.

Defendant's request is made pursuant to Fed. R. Evid. Rule 201(b) and (d) on the grounds that the foregoing documents are proper subjects for judicial notice because they are records of the California Legislature, and/or their contents are not subject to reasonable dispute and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

DATED:  May 11, 2016

SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER

MCGUIREWOODS LLP

By:    /s/ Matthew C. Kane
        Matthew C. Kane, Esq.

Attorneys for Defendant
MCLANE FOODSERVICE, INC.

78050343.3

iv

**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Justin Titus ("Plaintiff") concedes that there is no private right of action for violations of Cal. Lab. Code § 246(h) ("Section 246(h)") and that penalties under Cal. Lab. Code § 226 ("Section 226") are unavailable as a matter of law for violations of Section 246(h).  Thus, the only disputed issues left for the Court to decide on this Motion are (1) whether civil penalties under the California Labor Code Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. ("PAGA"), are recoverable for violations of Section 246(h); and (2) whether Plaintiff lacks standing to seek injunctive relief as a former employee.

As Defendant McLane Foodservice, Inc. ("Defendant" or "MFS") set forth in its opening brief, PAGA penalties are not recoverable for violations of Section 246(h) because Cal. Lab. Code § 248.5(e) ("Section 248.5(e)") *expressly limits* the relief available to a private plaintiff seeking to assert claims *on behalf of the public* for violations of Section 246(h) to "equitable, injunctive, or restitutionary relief, and reasonable attorneys' fees and costs."  Cal. Lab. Code § 248.5(e). Notwithstanding this express statutory limitation, Plaintiff erroneously argues that the Court can simply override the Legislature's enactment by disregarding that unequivocal express limitation in Section 248.5(e) and, instead, find that PAGA authorizes employees to bring civil actions to recover PAGA penalties for violations of *any* Labor Code provision that provides for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency ("LWDA"), regardless of Section 248.5(e)'s limiting language.  *See* Oppos. at 4:3-8.  As we discuss more fully below, Plaintiff's argument is flawed for two reasons.  <u>First</u>, even under its own statutory scheme, PAGA penalties are not recoverable for violations of Section 246(h) because PAGA itself expressly limits the types of Labor Code violations for which PAGA penalties can be sought to those listed in Cal. Lab. Code § 2699.5 ("Section 2699.5"), and **Section 246(h) is not listed in Section 2699.5** as a of Labor Code provision for which PAGA penalties are recoverable.  <u>Second</u>, even assuming *arguendo* that there is a conflict between PAGA's provisions and the express limitation in Section 248.5(e), well-established principles of statutory construction mandate that the provisions of Section 248.5(e) control as it is the more recent, specific statute.

In addition, because Plaintiff is a *former employee*, his claim for *injunctive relief* also fails as a matter of law because he *lacks standing* to pursue such a claim.

Therefore, as we discuss more fully below, Plaintiff's Complaint should be dismissed or stricken as requested.

## II.     LEGAL ARGUMENT

### A.     PAGA PENALTIES ARE NOT RECOVERABLE FOR SECTION 246(h) VIOLATIONS

PAGA provides, in part: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] … may, as an alternative, be recovered through a civil action brought by an aggrieved employee … pursuant to the procedures specified in Section 2699.3." Cal. Lab. Code § 2699(a) ("Section 2699(a)"). In *Arias v. Superior Court*, 46 Cal.4th 969, 983 (2009), the California Supreme Court specified that Section 2699(a)'s "notwithstanding" clause applies "only [to] those provisions of law that conflict with [PAGA's] provisions…." In other words, the statutory phrase "notwithstanding any other provision of law" in Section 2699(a) overrides only those laws which are "contrary" to PAGA's provisions. *Id.* Relying on this language in Section 2699(a), Plaintiff erroneously contends that Section 248.5(e), which limits the remedies available for Section 246(h) violations brought on behalf of the public to restitutionary and equitable relief, conflicts with Section 2699(a), and that in the face of such a conflict, Section 2699(a) must control over the more recently enacted Section 248.5(e). As we discuss next, Plaintiff is wrong for two reasons: **(1)** Section 248.5(e) does *not* conflict with Section 2699(a) because PAGA's own statutory scheme does not even permit the recovery of civil penalties for violations of Section 246(h); and **(2)** even if there is an apparent conflict between Section 248.5(e) and Section 2699(a), Section 248.5(e) must control because it is the more specific and recently enacted statute.

#### 1.     PAGA Does Not Conflict With Section 248.5(e) Because Even Under PAGA's Own Statutory Scheme, PAGA Penalties Are Not Recoverable For Violations Of Section 246(h)

Shortly after PAGA was enacted in 2004, the California Legislature amended PAGA by passage of SB 1809 to respond to what were regarded as frivolous PAGA lawsuits that started to be brought almost immediately after PAGA went into effect for minor and inconsequential

violations of Labor Code provisions. To address that unintended result, SB 1809 was enacted to limit employees' rights to sue over inconsequential, technical violations of the Labor Code and provided new procedural prerequisites for filing suit. *See* Supplemental Request for Judicial Notice ("Supp. RJN"), Exh. C. To that end, Section 2699(a) was amended to provide for the recovery of civil penalties by an aggrieved employee "pursuant to the procedures specified in *Section 2699.3*." Cal. Lab. Code § 2699(a) (emph. added). Cal. Labor Code § 2699.3 ("Section 2699.3") was simultaneously enacted by the Legislature with the express intent to "provide that an aggrieved employee may recover [PAGA] penalties *only after* complying with specified procedural and administrative requirements and providing specified written notice to the agency and to the employer."[1] *See* Supp. RJN, Exh. C (emph. added).

Further, Section 2699.3 expressly limits the types of Labor Code violations for which an aggrieved employee may recover PAGA penalties to those specifically "listed in *Section 2699.5*." Cal. Lab. Code § 2699.3(a) (emph. added). Cal. Lab. Code § 2699.5 ("Section 2699.5"), in turn, provides: "The provisions of [Section 2699.3(a)] apply to any alleged violation of the following provisions" and sets forth over 100 specific Labor Code provisions which, if violated, PAGA penalties may be recovered. Cal. Lab. Code § 2699.5. Notably ***missing*** from the long list of Labor Code provisions itemized in Section 2699.5 is ***Section 246(h)***. Because Section 246(h) is not listed as a type of Labor Code violation for which an aggrieved employee may recover civil penalties under PAGA, the recovery of civil penalties for violations of Section 246(h) is ***not even permitted*** under PAGA. As such, there is ***no conflict*** between Section 2699(a)'s "notwithstanding any other provision of law" clause and the provisions of Section 248.5(e) that preclude recovery of civil penalties for violations of Section 246(h) by expressly limiting the types of recoverable remedies to equitable or restitutionary relief when sought on behalf of the public.

This interpretation is consistent with the fact that Sections 246(h) and 248.5(e) were not

---

[1] As such, Section 2699.3 sets forth pre-filing notice requirements, which mandate that an aggrieved employee "give written notice ... to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated" and "the facts and theory" to support each alleged violation before an aggrieved employee is permitted to bring a civil action for PAGA penalties. Cal. Lab. Code § 2699.3(a)(1).

even in existence at the time Section 2699(a) was enacted. Indeed, it is axiomatic that a statute enacted 12 years ago (i.e., Section 2699(a)) cannot be read to abrogate statutes (i.e., Sections 246(h) and 248.5(e)) that were not even in existence at the time the earlier statute was enacted.

Furthermore, it is telling that, when the Legislature enacted Sections 246(h) and 248.5(e) in July 2015, they did not also amend Section 2699.5 to add Section 246(h) to the list of Labor Code violations for which PAGA penalties are recoverable, and it is apparent that the Legislature's failure to amend Section 2699.5 was not a mere oversight. Indeed, on October 2, 2015, *after* Section 246(h) was enacted, the Governor signed urgency legislation (AB 1506) that immediately amended PAGA – including, specifically, Section 2699.5 – to provide an employer with the right to cure alleged violations of Cal. Labor Code §§ 226(a)(6) and (a)(8) before an employee may bring a civil action seeking PAGA penalties. *See* Supp. RJN, Exh. D. Yet, the Legislature chose *not* to enact urgency (or regular) legislation amending Section 2699.5 to include Section 246(h) in its list of Labor Code provisions for which PAGA penalties are recoverable, thus confirming the Legislature's intent to *not* permit the recovery of PAGA penalties for violations of Section 246(h).

Accordingly, PAGA's own statutory scheme precludes recovery of civil penalties for violations of Section 246(h) in the first instance, and PAGA's "notwithstanding" clause does not conflict with or override Section 248.5(e), or otherwise authorize an aggrieved employee to bring a civil action to recover civil penalties for violations of Section 246(h).

### 2. Even Assuming *Arguendo* That There Was A Conflict Between Section 2699(a) And Section 248.5(e), Section 248.5(e) Must Control Because It Is The More Recent And Specific Statute

Even assuming, *arguendo*, that a conflict exists between Section 2699(a) and Section 248.5(e), that conflict must be resolved such that Section 248.5(e)'s specific remedial provisions control. To that end, well-settled principles of statutory construction direct that more recent and specific statutes should control over older and more general ones, and that specific statutory language controls over general language. *See Collection Bureau of San Jose v. Rumsey*, 24 Cal.4th 301, 310 (2000) ("If conflicting statutes cannot be reconciled, later enactments supersede earlier ones ... and more specific provisions take precedence over more general ones."); *Allen v.*

*Stoddard*, 212 Cal.App.4th 807, 816 (2013) ("[A] specific and later enacted statute trumps a general and earlier one."); *Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1504 (1999) (holding that "a more recent provision is typically more persuasive than an older one" and the courts are to "give effect to a specific statute relating to a particular subject in preference to a general statute"); *Bledstein v. Superior Court (Jeziorski)*, 162 Cal.App.3d 152 (1984) (holding that if two statutes conflict, "we should give effect to the more recently enacted law").

Under these longstanding principles of statutory construction, Section 248.5(e)'s *specific* remedial provisions enacted in 2015 must control over the *general*, older language of Section 2699(a), which was enacted over 10 years earlier, in 2004. Therefore, to the extent there is an apparent conflict regarding the general ability of an individual to recover PAGA penalties for Labor Code violations, on the one hand, and Section 248.5(e), which expressly limits the types of remedies that are recoverable in an action brought on behalf of the public for specified violations of Section 246(h), on the other hand, Section 248.5(e) must control.

Accordingly, for all of the foregoing reasons, the Court should dismiss or strike Plaintiff's request for civil penalties in connection with his Section 246(h) claim.

**B.     PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED OR STRICKEN BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SEEK SUCH RELIEF AS A FORMER EMPLOYEE**

"Equitable relief, such as an injunction, is an extraordinary remedy, available in only certain cases." *Madrigal v. Tommy Bahama Group, Inc.*, 2010 WL 4384235, *9 (C.D. Cal. Oct. 18, 2010). "Ordinarily, injunctive relief is available to prevent threatened injury and is not a remedy designed to right completed wrongs." *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal.App.4th 1388, 1403 (2002). "It should neither serve as punishment for past acts nor be exercised in the absence of any evidence establishing the reasonable probability the acts will be repeated in the future." *Scripps Health v. Marin*, 72 Cal.App.4th 324, 332 (1999). Therefore, it is well-settled that ***former employees lack standing to seek prospective relief*** unless they can demonstrate a credible threat of future injury which is sufficiently concrete and particularized to meet the 'case or controversy' requirement of Article III. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Stevens v. Datascan Field Servs. LLC*, 2016 WL 627362, *5 (E.D. Cal. Feb. 17, 2016)

(Nunley, J.) (granting motion to dismiss claims for injunctive relief by former employee); *Richards v. Ernst & Young LLP*, 2010 WL 682314, *3 (N.D. Cal. Feb. 24, 2010) ("[A] former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees."); *DeLodder v. Aerotek, Inc.*, 2009 WL 3770670, *3 (C.D. Cal. Nov. 9, 2009) ("[P]laintiffs lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant.") (emph. added).

Plaintiff does not dispute that he is not a current MFS employee and that he does not face a "real or immediately threat of irreparable injury" by MFS's purported employment practices. Notwithstanding, Plaintiff erroneously argues that his status as a former employee "does not preclude him from seeking" injunctive relief "as a proxy for the LWDA," which is the real party in interest on a PAGA claim and authorized to seek injunctive relief for ongoing violations. *See* Oppos. at 5:12-6:6. Plaintiff's argument wholly misses the mark. First, as discussed above, PAGA does not even authorize an action based on a violation of Section 246(h) in the first instance, and, moreover, PAGA does not expressly authorize a private plaintiff bringing a civil action on behalf of the LWDA to recover any form of injunctive relief. Thus, Plaintiff's reliance on PAGA to revive an otherwise invalid claim for injunctive relief is grossly misplaced. Further, Plaintiff fails to cite a single case holding that a plaintiff can pursue claims for injunctive relief without satisfying the constitutional standing requirements under Article III. Indeed, none of the cases Plaintiff cites in his Opposition addresses the issue. On the other hand, courts regularly dismiss claims for injunctive relief by former employees notwithstanding the existence of otherwise viable PAGA claims. *See, e.g.*, *Stevens*, 2016 WL 627362 at *5; *Ramirez v. Manpower, Inc.*, 2014 WL 116531, *7 (N.D. Cal. Jan. 13, 2014).

Indeed, even if Plaintiff had a private right of action and was to prevail on his Section 246(h) claim, he retains no personal stake in obtaining injunctive relief since he is a *former* MFS employee improperly seeking to punish a *past* act. *Scripps Health*, *supra*, 72 Cal.App.4th at 332. Injunctive relief is not available for this purpose. Therefore, Plaintiff lacks standing to pursue his claims for injunctive relief, and they should be dismissed or stricken accordingly.

1

## III. CONCLUSION

2

For all of the foregoing reasons, MFS requests that the Court dismiss or strike Plaintiff's

3 Complaint as set forth in its Motion.

4

5 DATED: May 11, 2016

**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**

6

**MCGUIREWOODS LLP**

7

8

9

By: _____/s/ Matthew C. Kane_____

Matthew C. Kane, Esq.

10

Attorneys for Defendant
MCLANE FOODSERVICE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT MCLANE FOODSERVICE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**



SB-1809 Labor Code Private Attorneys General Act of 2004.  (2003-2004)

### Senate Bill No. 1809

### CHAPTER 221

An act to amend Sections 98.6 and 2699 of, to add Sections 2699.3 and 2699.5 to, and to repeal Section 431 of, the Labor Code, relating to private employment, making an appropriation therefor, and declaring the urgency thereof, to take effect immediately.

[ Filed with Secretary of State  August 11, 2004. Approved by Governor August 11, 2004. ]

### LEGISLATIVE COUNSEL'S DIGEST

SB 1809, Dunn. Labor Code Private Attorneys General Act of 2004.

(1) Existing law allows aggrieved employees to bring civil actions to recover penalties for violations of the Labor Code if the Labor and Workforce Development Agency or its departments, divisions, commissions, boards, agencies, or employees do not do so. The penalties collected in these actions are distributed 50% to the General Fund, 25% to the agency for education, to be available for expenditure upon appropriation by the Legislature, and 25% to the aggrieved employee, except that if the person does not employ one or more persons, the penalties are distributed 50% to the General Fund and 50% to the agency. In addition, existing law provides that the aggrieved employee is authorized to recover attorney's fees and costs and, in some cases, penalties.

This bill would redistribute these penalties, so that 75% is distributed to the agency to be continuously appropriated for purposes of enforcement and education and 25% to the aggrieved employee, except that if the person does not employ one or more persons, 100% of the penalties are distributed to the agency by continuous appropriation.

This bill would provide that an aggrieved employee may recover these penalties only after complying with specified procedural and administrative requirements and providing specified written notice to the agency and to the employer.

This bill would authorize a court, in any action by an aggrieved employee seeking recovery of a civil penalty pursuant to the act, to award a lesser amount than the maximum civil penalty amount specified by the underlying applicable statute and would require a court to review and authorize any settlement. The bill would provide that a civil penalty for any violation of a posting or notice requirement of the Labor Code, other than a requirement relating to mandatory payroll or workplace injuries, may be recovered only by the agency or its subdivisions. The bill would provide that these provisions are retroactive to January 1, 2004.

The bill would require the Joint Committee on Boards, Commissions, and Consumer Protection, in consultation with the standing committees of the Legislature with jurisdiction over employment matters, to review certain functions created by this bill.

The bill would appropriate $150,000 from the General Fund to the agency for the purpose of implementing these provisions.

EXHIBIT C

Bill Text - SB-1809 Labor Code Private Attorneys General Act of 2004.

Page 2 of 6

Exh. C

(2) Existing provisions prohibit an employer from discriminating against an employee because the employee has specified existing rights. This bill would include among those protected rights the bringing of an action to collect penalties for the violation of labor laws pursuant to the provisions described in (1) above.

(3) Existing law requires an employer to file in the office of the Director of Labor Standards Enforcement a copy of any application for employment that the employer requires an applicant to sign.

This bill would repeal that requirement.

(4) This bill would declare that it is to take effect immediately as an urgency statute.

Appropriation: yes

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** Section 98.6 of the Labor Code is amended to read:

**98.6.** (a) No person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in any such proceeding or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer. Any employer who willfully refuses to hire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for such rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor.

(c) (1) Any applicant for employment who is refused employment, who is not selected for a training program leading to employment, or who in any other manner is discriminated against in the terms and conditions of any offer of employment because the applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the applicant has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to employment and reimbursement for lost wages and work benefits caused by the acts of the prospective employer.

(2) This subdivision shall not be construed to invalidate any collective bargaining agreement that requires an applicant for a position that is subject to the collective bargaining agreement to sign a contract that protects either or both of the following as specified in paragraphs (A) and (B), nor shall this subdivision be construed to invalidate any employer requirement of an applicant for a position that is not subject to a collective bargaining agreement to sign an employment contract that protects either or both of the following:

(A) An employer against any conduct that is actually in direct conflict with the essential enterprise-related interests of the employer and where breach of that contract would actually constitute a material and substantial disruption of the employer's operation.

(B) A firefighter against any disease that is presumed to arise in the course and scope of employment, by limiting his or her consumption of tobacco products on and off the job.

(d) The provisions of this section creating new actions or remedies that are effective on January 1, 2002, to employees or applicants for employment do not apply to any state or local law enforcement agency, any religious association or corporation specified in subdivision (d) of Section 12926 of the Government Code,

except as provided in Section 12926.2 of the Government Code, or any person described in Section 1070 of the Evidence Code.

**SEC. 2.** Section 431 of the Labor Code is repealed.

**SEC. 3.** Section 2699 of the Labor Code is amended to read:

**2699.** (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

(b) For purposes of this part, "person" has the same meaning as defined in Section 18.

(c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

(d) For purposes of this part, "cure" means that the employer abates each violation alleged by any aggrieved employee, the employer is in compliance with the underlying statutes as specified in the notice required by this part, and any aggrieved employee is made whole.

(e) (1) For purposes of this part, whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

(2) In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows:

(1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).

(2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

(3) If the alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, there shall be no civil penalty.

(g) (1) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

(2) No action shall be brought under this part for any violation of a posting, notice, agency reporting, or filing requirement of this code, except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting.

(h) No action may be brought under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, cites a person within the timeframes set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

(i) Except as provided in subdivision (j), civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be

continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and 25 percent to the aggrieved employees.

(j) Civil penalties recovered under paragraph (1) of subdivision (f) shall be distributed to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes.

(k) Nothing contained in this part is intended to alter or otherwise affect the exclusive remedy provided by the workers' compensation provisions of this code for liability against an employer for the compensation for any injury to or death of an employee arising out of and in the course of employment.

(l) The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part.

(m) This section shall not apply to the recovery of administrative and civil penalties in connection with the workers' compensation law as contained in Division 1 (commencing with Section 50) and Division 4 (commencing with Section 3200), including, but not limited to, Sections 129.5 and 132a.

(n) The agency or any of its departments, divisions, commissions, boards, or agencies may promulgate regulations to implement the provisions of this part.

**SEC. 4.** Section 2699.3 is added to the Labor Code, to read:

**2699.3.** (a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

(B) If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1). Within 120 calendar days of that decision, the agency may investigate the alleged violation and issue any appropriate citation. If the agency determines that no citation will be issued, it shall notify the employer and aggrieved employee of that decision within five business days thereof by certified mail. Upon receipt of that notice or if no citation is issued by the agency within the 158-day period prescribed by subparagraph (A) and this subparagraph or if the agency fails to provide timely or any notification, the aggrieved employee may commence a civil action pursuant to Section 2699.

(C) Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.

(b) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give notice by certified mail to the Division of Occupational Safety and Health and the employer, with a copy to the Labor and Workforce Development Agency, of the specific provisions of Division 5 (commencing with Section 6300) alleged to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The division shall inspect or investigate the alleged violation pursuant to the procedures specified in Division 5 (commencing with Section 6300).

(i) If the division issues a citation, the employee may not commence an action pursuant to Section 2699. The division shall notify the aggrieved employee and employer in writing within 14 calendar days of certifying that the employer has corrected the violation.

(ii) If by the end of the period for inspection or investigation provided for in Section 6317, the division fails to issue a citation and the aggrieved employee disputes that decision, the employee may challenge that decision in the superior court. In such an action, the superior court shall follow precedents of the Occupational Safety and Health Appeals Board. If the court finds that the division should have issued a citation and orders the division to issue a citation, then the aggrieved employee may not commence a civil action pursuant to Section 2699.

(iii) A complaint in superior court alleging a violation of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5 shall include therewith a copy of the notice of violation provided to the division and employer pursuant to paragraph (1).

(iv) The superior court shall not dismiss the action for nonmaterial differences in facts or theories between those contained in the notice of violation provided to the division and employer pursuant to paragraph (1) and the complaint filed with the court.

(B) If the division fails to inspect or investigate the alleged violation as provided by Section 6309, the provisions of subdivision (c) shall apply to the determination of the alleged violation.

(3) (A) Nothing in this subdivision shall be construed to alter the authority of the division to permit long-term abatement periods or to enter into memoranda of understanding or joint agreements with employers in the case of long-term abatement issues.

(B) Nothing in this subdivision shall be construed to authorize an employee to file a notice or to commence a civil action pursuant to Section 2699 during the period that an employer has voluntarily entered into consultation with the division to ameliorate a condition in that particular worksite.

(C) An employer who has been provided notice pursuant to this section may not then enter into consultation with the division in order to avoid an action under this section.

(4) The superior court shall review and approve any proposed settlement of alleged violations of the provisions of Division 5 (commencing with Section 6300) to ensure that the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation. The provisions of the settlement relating to health and safety laws shall be submitted to the division at the same time that they are submitted to the court. This requirement shall be construed to authorize and permit the division to comment on those settlement provisions, and the court shall grant the division's commentary the appropriate weight.

(c) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice. The employer shall give written notice by certified mail within that period of time to the aggrieved employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699.

(B) No employer may avail himself or herself of the notice and cure provisions of this subdivision more than three times in a 12-month period for the same violation or violations contained in the notice, regardless of the location of the worksite.

(3) If the aggrieved employee disputes that the alleged violation has been cured, the aggrieved employee or representative shall provide written notice by certified mail, including specified grounds to support that dispute, to the employer and the agency. Within 17 calendar days of the postmark date of that notice, the agency shall review the actions taken by the employer to cure the alleged violation, and provide written notice of its decision by certified mail to the aggrieved employee and the employer. The agency may grant the employer three additional business days to cure the alleged violation. If the agency determines that the alleged violation has not been cured or if the agency fails to provide timely or any notification, the employee may proceed with the

civil action pursuant to Section 2699. If the agency determines that the alleged violation has been cured, but the employee still disagrees, the employee may appeal that determination to the superior court.

(d) The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part.

**SEC. 5.** Section 2699.5 is added to the Labor Code, to read:

**2699.5.** The provisions of subdivision (a) of Section 2699.3 shall apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Section 98.6, 201, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, 212, subdivision (d) of Section 213, 221, 222, 222.5, 223, 224, subdivision (a) of Section 226, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, 233, 234, 351, 353, 403, subdivision (b) of Section 404, 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, subdivision (c) or (d) of Section 1174, 1194, 1197, 1197.1, 1197.5, 1198, subdivision (b) of Section 1198.3, 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, 1695, subdivision (a) of Section 1695.5, 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, paragraph (1), (2), or (3) of subdivision (a) or subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, 2673, subdivision (a) of Section 2673.1, 2695.2, 2800, 2801, 2802, 2806, 2810, subdivision (b) of Section 2929, 3095, 6310, 6311, or 6399.7.

**SEC. 6.** (a) The Legislature finds and declares that, as enunciated in long-standing judicial precedent, its inherent authority to create causes of action or remedies necessarily includes the authority to abolish them. Therefore, a plaintiff seeking recovery upon a legislatively created cause of action runs the risk that the Legislature may repeal or alter that cause during the pendency of the claim. Thus, the Legislature further finds and declares that the alteration of the right to recover civil penalties for violations of the Labor Code made by this act may be applied retroactively to any applicable pending proceeding without depriving any person of a substantive right without due process of law.

(b) (1) The provisions of paragraph (2) of subdivision (g) of Section 2699 of the Labor Code shall apply retroactively to January 1, 2004, the effective date of Chapter 906 of the Statutes of 2003, and shall affect all applicable pending proceedings.

(2) The provisions of subdivision (l) of Section 2699 of the Labor Code shall apply retroactively to January 1, 2004, the effective date of Chapter 906 of the Statutes of 2003, and shall affect all applicable pending proceedings.

**SEC. 7.** The provisions of this act are severable. If any provision of this act or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.

**SEC. 8.** Notwithstanding any other provision of law, the provisions of Section 5 of this act relating to the duties and functions of the Division of Occupational Safety and Health shall be subject to review by the Joint Committee on Boards, Commissions, and Consumer Protection pursuant to Chapter 2 (commencing with Section 474) of Division 1.2 of the Business and Professions Code in consultation with the Senate Committee on Labor and Industrial Relations and the Assembly Committee on Labor and Employment. The first review shall be completed no later than three years from the effective date of this act.

**SEC. 9.** There is appropriated from the General Fund one hundred fifty thousand dollars ($150,000) to the Labor and Workforce Development Agency for the purposes of implementing the purposes of this act.

**SEC. 10.** This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

To provide relief to some employers who may be adversely affected by frivolous lawsuits brought pursuant to the Labor Code Private Attorneys General Act of 2004 and to provide meaningful remedies to employees suffering from egregious violations of the Labor Code at the earliest possible time, it is necessary for this act to take effect immediately.

**EXHIBIT C**



STATE OF CALIFORNIA
AUTHENTICATED
ELECTRONIC LEGAL MATERIAL

## Assembly Bill No. 1506

### CHAPTER 445

An act to amend Sections 2699, 2699.3, and 2699.5 of the Labor Code, relating to employment, and declaring the urgency thereof, to take effect immediately.

[Approved by Governor October 2, 2015. Filed with
Secretary of State October 2, 2015.]

LEGISLATIVE COUNSEL'S DIGEST

AB 1506, Roger Hernández. Labor Code Private Attorneys General Act of 2004.

The Labor Code Private Attorneys General Act of 2004 authorizes an aggrieved employee to bring a civil action to recover specified civil penalties, that would otherwise be assessed and collected by the Labor and Workforce Development Agency, on behalf of the employee and other current or former employees for the violation of certain provisions affecting employees. The act provides the employer with the right to cure certain violations before the employee may bring a civil action, as specified. For other violations, the act requires the employee to follow specified procedures before bringing an action.

Existing law requires an employer to provide its employees with specified information regarding their wages, including, among others, the inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer, either semimonthly or at the time of each wage payment and provides that the employer does not have the right to cure a violation of that requirement before an employee may bring a civil action under the act.

This bill would provide an employer with the right to cure a violation of the requirement that an employer provide its employees with the inclusive dates of the pay period and the name and address of the legal entity that is the employer before an employee may bring a civil action under the act. The bill would provide that a violation of that requirement shall only be considered cured upon a showing that the employer has provided a fully compliant, itemized wage statement to each aggrieved employee, as specified. The bill would limit the employer's right to cure with respect to alleged violations of these provisions to once in a 12-month period, as specified. The bill would also delete references to obsolete provisions of law.

This bill would declare that it is to take effect immediately as an urgency statute.

*The people of the State of California do enact as follows:*

SECTION 1.  Section 2699 of the Labor Code is amended to read:

2699.  (a)  Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

(b)  For purposes of this part, "person" has the same meaning as defined in Section 18.

(c)  For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

(d)  For purposes of this part, "cure" means that the employer abates each violation alleged by any aggrieved employee, the employer is in compliance with the underlying statutes as specified in the notice required by this part, and any aggrieved employee is made whole. A violation of paragraph (6) or (8) of subdivision (a) of Section 226 shall only be considered cured upon a showing that the employer has provided a fully compliant, itemized wage statement to each aggrieved employee for each pay period for the three-year period prior to the date of the written notice sent pursuant to paragraph (1) of subdivision (c) of Section 2699.3.

(e) (1)  For purposes of this part, whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

(2)  In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

(f)  For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows:

(1)  If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).

(2)  If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

(3)  If the alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, there shall be no civil penalty.

(g)  (1)  Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

(2)  No action shall be brought under this part for any violation of a posting, notice, agency reporting, or filing requirement of this code, except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting.

(h)  No action may be brought under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person within the timeframes set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

(i)  Except as provided in subdivision (j), civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and 25 percent to the aggrieved employees.

(j)  Civil penalties recovered under paragraph (1) of subdivision (f) shall be distributed to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes.

(k)  Nothing contained in this part is intended to alter or otherwise affect the exclusive remedy provided by the workers' compensation provisions of this code for liability against an employer for the compensation for any injury to or death of an employee arising out of and in the course of employment.

(*l*)  The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part.

(m)  This section shall not apply to the recovery of administrative and civil penalties in connection with the workers' compensation law as contained in Division 1 (commencing with Section 50) and Division 4

(commencing with Section 3200), including, but not limited to, Sections 129.5 and 132a.

(n)  The agency or any of its departments, divisions, commissions, boards, or agencies may promulgate regulations to implement the provisions of this part.

SEC. 2.   Section 2699.3 of the Labor Code is amended to read:

2699.3.   (a)  A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1)  The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2)  (A)  The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

(B)  If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1). Within 120 calendar days of that decision, the agency may investigate the alleged violation and issue any appropriate citation. If the agency determines that no citation will be issued, it shall notify the employer and aggrieved employee of that decision within five business days thereof by certified mail. Upon receipt of that notice or if no citation is issued by the agency within the 158-day period prescribed by subparagraph (A) and this subparagraph or if the agency fails to provide timely or any notification, the aggrieved employee may commence a civil action pursuant to Section 2699.

(C)  Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.

(b)  A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5 shall commence only after the following requirements have been met:

(1)  The aggrieved employee or representative shall give notice by certified mail to the Division of Occupational Safety and Health and the employer, with a copy to the Labor and Workforce Development Agency, of the specific provisions of Division 5 (commencing with Section 6300) alleged to have been violated, including the facts and theories to support the alleged violation.

94

Exh. D

(2) (A) The division shall inspect or investigate the alleged violation pursuant to the procedures specified in Division 5 (commencing with Section 6300).

(i) If the division issues a citation, the employee may not commence an action pursuant to Section 2699. The division shall notify the aggrieved employee and employer in writing within 14 calendar days of certifying that the employer has corrected the violation.

(ii) If by the end of the period for inspection or investigation provided for in Section 6317, the division fails to issue a citation and the aggrieved employee disputes that decision, the employee may challenge that decision in the superior court. In such an action, the superior court shall follow precedents of the Occupational Safety and Health Appeals Board. If the court finds that the division should have issued a citation and orders the division to issue a citation, then the aggrieved employee may not commence a civil action pursuant to Section 2699.

(iii) A complaint in superior court alleging a violation of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5 shall include therewith a copy of the notice of violation provided to the division and employer pursuant to paragraph (1).

(iv) The superior court shall not dismiss the action for nonmaterial differences in facts or theories between those contained in the notice of violation provided to the division and employer pursuant to paragraph (1) and the complaint filed with the court.

(B) If the division fails to inspect or investigate the alleged violation as provided by Section 6309, the provisions of subdivision (c) shall apply to the determination of the alleged violation.

(3) (A) Nothing in this subdivision shall be construed to alter the authority of the division to permit long-term abatement periods or to enter into memoranda of understanding or joint agreements with employers in the case of long-term abatement issues.

(B) Nothing in this subdivision shall be construed to authorize an employee to file a notice or to commence a civil action pursuant to Section 2699 during the period that an employer has voluntarily entered into consultation with the division to ameliorate a condition in that particular worksite.

(C) An employer who has been provided notice pursuant to this section may not then enter into consultation with the division in order to avoid an action under this section.

(4) The superior court shall review and approve any proposed settlement of alleged violations of the provisions of Division 5 (commencing with Section 6300) to ensure that the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation. The provisions of the settlement relating to health and safety laws shall be submitted to the division at the same time that they are submitted to the court. This requirement shall be construed to authorize and permit the division to comment on those settlement provisions, and the court shall grant the division's commentary the appropriate weight.

94

EXHIBIT D

Exh. D

(c) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice. The employer shall give written notice by certified mail within that period of time to the aggrieved employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699.

(B) (i) Subject to the limitation in clause (ii), no employer may avail himself or herself of the notice and cure provisions of this subdivision more than three times in a 12-month period for the same violation or violations contained in the notice, regardless of the location of the worksite.

(ii) No employer may avail himself or herself of the notice and cure provisions of this subdivision with respect to alleged violations of paragraph (6) or (8) of subdivision (a) of Section 226 more than once in a 12-month period for the same violation or violations contained in the notice, regardless of the location of the worksite.

(3) If the aggrieved employee disputes that the alleged violation has been cured, the aggrieved employee or representative shall provide written notice by certified mail, including specified grounds to support that dispute, to the employer and the agency. Within 17 calendar days of the postmark date of that notice, the agency shall review the actions taken by the employer to cure the alleged violation, and provide written notice of its decision by certified mail to the aggrieved employee and the employer. The agency may grant the employer three additional business days to cure the alleged violation. If the agency determines that the alleged violation has not been cured or if the agency fails to provide timely or any notification, the employee may proceed with the civil action pursuant to Section 2699. If the agency determines that the alleged violation has been cured, but the employee still disagrees, the employee may appeal that determination to the superior court.

(d) The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part.

SEC. 3. Section 2699.5 of the Labor Code is amended to read:

2699.5. The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212,

EXHIBIT D

subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, paragraphs (1) to (5), inclusive, (7), and (9) of subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, Sections 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.7.

SEC. 4.   This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

In order to incentivize prompt resolution of disputes over itemized wage statements under Part 13 (commencing with Section 2698) of Division 2 of the Labor Code arising from certain specified claims under Section 226 of the Labor Code, it is necessary that this act take effect immediately.

O