MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone (209) 477-3833
Facsimile (209) 473-4818
ROBERT J. WASSERMAN
CA State Bar No. 258538
VLADIMIR J. KOZINA
CA State Bar No. 284645
JENNY D. BAYSINGER
CA State Bar No. 251014

**Attorneys for Plaintiff JUSTIN TITUS**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TITUS,<br><br>        Plaintiff,<br><br>vs.<br><br>MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: 2:16-cv-00635-KJM-EFB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANT MCLANE FOODSERVICE, INC.'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**<br><br>Hearing Date:    May 18, 2016<br>Time:                 1:30 p.m.<br>Courtroom:        3<br>Judge:        Hon. Kimberly J. Mueller<br><br>Complaint filed:  December 30, 2015<br>Removal filed: March 25, 2016 |

## I.  INTRODUCTION

Defendant McLane Foodservice, Inc. ("Defendant") maintains that 1) violation of any California Labor Code provision that is not identified in Labor Code section 2699.5 *may not* be the subject of a PAGA action, and 2) that Labor Code

section 248.5, subdivision (e) impliedly overrides section 2699, subdivision (a)'s broad language indicating that the PAGA applies "notwithstanding any other provision of law."  Defendant is incorrect on both fronts as is explained more fully below.

## II. LEGAL ARGUMENT

A.     <u>Labor Code Section 2699.5 Does Not Delineate the Scope of Labor Code Violations That May Be Redressed Through the PAGA.</u>

It is plain from the language of Labor Code sections 2699.3, subdivisions (b) and (c) that violations of Labor Code provisions other than those outlined in 2699.5 are actionable under the PAGA.  To that end, section 2699.3, subdivisions (b) and (c) both expressly apply to civil actions under the PAGA for violations of Labor Code provisions ". . . **other than** those listed in section 2699.5 . . ."  Cal. Labor Code §§ 2699.3(b)-(c) (emphasis added).  To read section 2699.5 as providing an exhaustive list of the Labor Code violations that may be pursued through the PAGA would render section 2699.3 subdivisions (b) and (c) entirely superfluous.  Such is inappropriate in the statutory construction context.  E.g. *Beck v. Prupis* (2000) 529 U.S. 494, 506 (recognizing longstanding canon of statutory construction that statutes should not be interpreted in a manner that renders any portion superfluous); *Dix v. Sup. Ct.* (Cal. 1991) 53 Cal.3d 442, 459.  This Court itself recognizes that "[a]n employee may also bring a PAGA action for violations of sections other than those listed in section 2699.5, but an employee must allow the employer an opportunity to cure the alleged violation in addition to providing notice to the LWDA."  *Stoddart v. Express Svcs., Inc.* (E.D. Cal. 2015) 2015 U.S. Dist. LEXIS 124002, at p. 9.  Defendant's contention that Plaintiff may not maintain a PAGA action for violations of Labor Code section 246 because section 246 is not identified within section 2699.5 of the PAGA is simply wrong.

/ / /

/ / /

B.    248.5 Does Not Reflect an Unambiguous Intention to Abrogate the PAGA.

As previously outlined in Plaintiff's opposition papers, the PAGA employs the phrase "notwithstanding any other provision of law" in its plain language.  Cal. Code Civ. Proc. § 2699(a).  Such a phrase is invariably recognized as a specific "term of art" indicating a Legislative intent that it apply broadly to "*override **all** contrary law.*"  E.g. *Arias v. Sup. Ct.* (Cal. 2009) 46 Cal.4th 969, 983 (emphasis added); *Faulder v. Mendocino County Bd. Of Supervisors* (Cal. 2006) 144 Cal.App.4th 1362; *In re Marriage of Cutler* (Cal. 2000) 79 Cal.App.4th 460, 475.  It is equally well settled that statutes are intended to operate prospectively; that when a statute expressly provides it operates "notwithstanding any other provision of law" such is indicative of legislative intent that it override both existing *and* later-enacted statutes that appear to contradict or conflict with it.  *Willis v. Sup. Ct.* (Cal. 1994) 22 Cal.App.4th 287, 292.  There is a presumption under California law that later enacted statutes *do not* impliedly repeal or override earlier ones containing the broad "notwithstanding any other provision of law" term of art.  *Ibid*.  Defendant has not, and cannot, present any evidence sufficient to overcome this presumption.

In general, a statute expressly intended to operate "notwithstanding any other provision of law" will not be abrogated absent "unmistakable evidence" of legislative intent to do so.  *Id.* at p. 293.  There is nothing within the Act or its legislative history that operates to overcome the presumption of PAGA's prospective operation to override all potentially conflicting statutes.  Certainly the Legislature was aware of the PAGA at the time the Act was enacted.  Yet, glaringly absent from both the plain language of Labor Code section 248.5, subdivision (e) and the legislative history surrounding it is *any* reference to the PAGA.  Under such a circumstance, there is *no* evidence of an intention to supersede the application of the PAGA's express language authorizing civil actions to recover penalties for any violation of the Labor Code, let alone the necessary "undebatable evidence."  In the wake of the Act, the PAGA was amended by emergency legislation in October,

2015.  Stats. 2015, ch. 445.  The "notwithstanding any other provision of law" language was not modified or limited in any way through such amendments.  Such further underscores the legislative intent that the "notwithstanding any other provision of law" language in the PAGA means what it says—that an aggrieved employee is authorized to bring a civil action for the recovery of civil penalties irrespective of other potentially conflicting law.  Based on the plain language of the PAGA and the absence of unmistakable evidence that the Act was intended to supersede or override it, Plaintiff's Fifth Cause of Action for the recovery of civil penalties cannot be stricken or dismissed.

C.   <u>If Section 248.5 Precludes the Collection of Civil Penalties Through the PAGA, It Must Also Be Read To Authorize Equitable, Injunctive or Restitutionary Relief As Alternative PAGA Remedies.</u>

While Plaintiff concedes that the plain language of the PAGA *itself* does not authorize restitutionary or injunctive remedies, instead providing only for the recovery of civil penalties, section 248.5, subdivision (e) expressly affords Plaintiff such a remedy in an action brought "on behalf of the public."  Thus, to the extent this Court interprets section 248.5, subdivision (e) as excepting the Act from PAGA's express grant of authority for an individual aggrieved employee to collect civil penalties on behalf of himself and other aggrieved employees despite the lack of evidence of such intention, that same statute must also be read to authorize recovery of equitable, injunctive or restitutionary relief in a PAGA action—to supplant the civil penalty remedy with the remedies outlined in section 248.5(e).

Plaintiff here has standing to pursue such remedies even though he is a former employee.  It has been readily recognized that an injury in fact *to the governmental entity* that is likely to be redressed through the action is sufficient to satisfy Article III standing in the context of a qui tam action.  *Gonzalez v. Trimedica Int'l, Inc.* (E.D. Cal. 2010) 2010 U.S. Dist. LEXIS 132056, at p. 6 ("a qui tam provision operates as a statutory assignment of the [government's] rights, and the 'assignee of the claim has the right to assert the injury in fact suffered by the assignor'").  To that

end, there is no requirement in such an action that the individual plaintiff *himself* be suffering ongoing and continuing harm in order to seek injunctive relief.  There can be no argument that a claim brought pursuant to the PAGA is effectively a qui tam action.  *Iskanian v. CLS Transportation L.A.* (Cal. 2015) 59 Cal.4th 348, 382.  Since the issuance of injunctive relief would undoubtedly redress the governmental injury inflicted by Defendant's continuing violations of the Act, Plaintiff has standing to pursue such remedy even though he is no longer being personally harmed by the offending conduct.

### CONCLUSION

PAGA's broad authorization for individual aggrieved employees to recover civil penalties for violations of the Labor Code is not limited to violations of provisions outlined in Labor Code section 2699.5 and expressly applies "notwithstanding any other provision of law."  There is thus no impediment to Plaintiff's pursuit of civil penalties for Defendant's alleged violations of Labor Code section 246(h).  Nothing within the Act's plain language or legislative history evinces an intention to override the PAGA's comprehensive language.  If an implied abrogation of the PAGA is found in section 248.5, that statute authorizes a qui tam action to pursue injunctive relief and thus Plaintiff's status as a former employee does not obviate his standing.  Accepting Defendant's arguments here will effectively insulate employers from the consequences attendant to violations of the Act and undermine the public benefit of curtailing such violations.

**DATED:**  May 25, 2016                **MAYALL HURLEY P.C.**


By_____/s/ Jenny D. Baysinger_____
                         ROBERT J. WASSERMAN
                         JENNY D. BAYSINGER
                         Attorneys for Plaintiff
                         JUSTIN TITUS