1 | **SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**
**A LAW CORPORATION**
2 | David A. Wimmer (SBN #155792)
 | Email: dwimmer@swerdlowlaw.com
3 | Lori M. Yankelevits (SBN #156253)
 | Email: lyankelevits@swerdlowlaw.com
4 | 9401 Wilshire Blvd., Suite 828
 | Beverly Hills, California 90212
5 | Telephone: (310) 288-3980
 | Facsimile: (310) 273-8680

**MCGUIREWOODS LLP**
Matthew C. Kane (SBN #171829)
  Email: mkane@mcguirewoods.com
Sylvia J. Kim (SBN #258363)
  Email: skim@mcguirewoods.com
Sean M. Sullivan (SBN #286368)
  Email: ssullivan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: (310) 315.8200
Facsimile: (310) 315.8210

Attorneys for Defendant
MCLANE FOODSERVICE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TITUS, <br><br> Plaintiff, <br><br> vs. <br><br> MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive, <br><br> Defendant. | CASE NO. 2:16-cv-00635-KJM-EFB <br><br> **DEFENDANT MCLANE FOODSERVICE, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f):** <br><br> **(1) SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** <br><br> **(2) MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Date:** May 18, 2016 <br> **Time** 1:30 p.m. <br> **Courtroom:** 3, 15th Floor <br> **Judge:** Hon. Kimberly J. Mueller |

78452084.2

# SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

**TO THE HONORABLE KIMBERLY J. MUELLER, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b) and (d), Defendant McLane Foodservice, Inc. ("MFS" or "Defendant") hereby requests that the Court take judicial notice of the following in support of its Motion to Dismiss or Strike Plaintiff's Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6) and/or 12(f) (the "Motion"):

<u>Exhibit E</u>: Plaintiff's November 10, 2015 letter to the California Labor and Workforce Development Agency.

Defendant's request is made pursuant to Fed. R. Evid. Rule 201(b) and (d) on the grounds that the foregoing document is a proper subject for judicial notice because it is a record of the California Labor and Workforce Development Agency, and/or its contents are not subject to reasonable dispute and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

DATED: May 25, 2016

**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**

**MCGUIREWOODS LLP**

By:    /s/ Matthew C. Kane
       Matthew C. Kane, Esq.

Attorneys for Defendant
MCLANE FOODSERVICE, INC.

78452084.2     i
**DEFENDANT MCLANE FOODSERVICE, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PAGA'S SECTION 2699(g)(2) EXPRESSLY PRECLUDES PLAINTIFF FROM BRINGING A PAGA ACTION TO RECOVER CIVIL PENALTIES FOR VIOLATIONS OF LABOR CODE *EMPLOYEE NOTICE REQUIREMENTS* SUCH AS THOSE SET FORTH IN SECTION 246(h)

In Defendant McLane Foodservice, Inc.'s ("MFS" or "Defendant") Reply in support of its Motion to Dismiss or Strike Plaintiff's Complaint (the "Motion"), it argued that Cal. Lab. Code §§ 2699.3(a) and 2699.5 preclude recovery of PAGA penalties for violations of Cal. Lab. Code § 246(h) ("Section 246(h)") because Section 246(h) is not listed in Cal. Lab. Code § 2699.5 ("Section 2699.5") as a Labor Code provision for which civil penalties are recoverable under PAGA. At the March 18, 2016 hearing on the Motion, Plaintiff offered no opposition to that argument by MFS. The Court, however, *sua sponte* observed at the hearing that civil penalties may still be recoverable under PAGA for a violation of Section 246(h) pursuant to Cal. Lab. Code § 2699.3(c) ("Section 2699.3(c)"), but subject to PAGA's cure provisions, and requested supplemental briefing on that issue.

Having now had an opportunity to further evaluate the issue raised by the Court, MFS understands how, on first blush, it may *appear* to the Court that a PAGA claim based on an alleged violation of Section 246(h) may be viable under the provisions of Section 2699.3(c). However, closer review and analysis of PAGA's statutory provisions, and of the nature of the Section 246(h) violation alleged by Plaintiff, reveals that Section 2699.3(c) is *inapplicable* because Cal. Lab. Code § 2699(g)(2) ("Section 2699(g)(2)") expressly *precludes* bringing a PAGA action for alleged violations of Section 246(h), which is an *employee notice* statute.

To that end, although Cal. Lab. Code § 2699(a) ("Section 2699(a)") *generally* permits aggrieved employees to recover civil penalties under PAGA for violations of the Labor Code, Section 2699(g)(2) "creates an *exception* to that *general* rule." *Lawrence v. Indus. Apple Inc.*, 2015 WL 5088675, *2 (Cal. Super. July 27, 2015) (emph. added). Indeed, Section 2699(g)(2) specifically provides:

> *No action shall be brought* under this part *for any violation of a* posting, *notice*, agency reporting, or filing *requirement* of this code, except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting. (Emph. added).

The purpose of Section 2699(g)(2) is to eliminate the ability of aggrieved employees to recover civil penalties for any violation of a *posting* or *notice* requirement of the Labor Code and to permit recovery of such penalties *only by the Labor and Workforce Development Agency ("LWDA") or any of its subordinate agencies or employees.* *See* Dkt. #12, Supp. RJN, Exh. C (Legislative Counsel's Digest to S.B. 1809) at p. 1 ("The bill would provide that a civil penalty for any violation of a posting or notice requirement of the Labor Code, other than a requirement relating to mandatory payroll or workplace injuries, may be recovered only by the agency or its subdivisions."). The only "exception to the exception" is in the last clause of Section 2699(g)(2), which is inapplicable here because it applies only to "mandatory payroll" or "workplace injury" information "required to be **filed with** or **reported to** the [government] **agency**." *Lawrence*, 2015 WL 5088675 at *2 (emph. added). Nothing in the plain language of Section 2699(g)(2) suggests that an *employee* "**notice**" requirement like that set forth in Section 246(h) constitutes an *agency **filing** or **reporting** requirement* involving "mandatory payroll" or "workplace injury."[1]

Indeed, Section 246(h) sets forth *employee notice* requirements pertaining to available paid sick leave. It requires that employers "provide an *employee* with *written **notice*** that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave…." Cal. Lab. Code § 246(h) (emph. added). Here, Plaintiff's pre-filing PAGA Notice to the LWDA indisputably establishes that the alleged violation of Section 246(h) he asserts is based on a failure to provide a type of required ***notice to the employee***, *not* on the failure to comply with a requirement to *file with or report to a government agency* any *mandatory payroll* or *workplace injury* reporting: "[N]one of the itemized wage statements Employer ***issued to Mr. Titus*** during his employment set forth the amount of paid sick leave available, or paid time off leave Employer

---

[1] In *Lawrence,* the plaintiff asserted a PAGA claim for violations of Cal. Lab. Code § 2810.5 ("Section 2810.5"). *See Lawrence* Fourth Amended Complaint, 2015 WL 5130330 (Cal. Super. Feb. 23, 2015), ¶¶ 26-27, 31-32, 63-66. Section 2810.5 requires that employers provide employees with a written notice of, *inter alia*, their **rates of pay**, the regular **payday**, the name of the employer and any of its DBAs, and "[t]hat an employee: may accrue and use **sick leave**, has a right to request and use accrued **paid sick leave**; may not be terminated or retaliated against for using or requesting **paid sick leave**;…." Cal. Lab. Code § 2810.5(a)(1) (emph. added). The *Lawrence* court **sustained** the employer's **demurrer** to this PAGA claim on the ground that it was ***not viable under Section 2699(g)(2)***. 2015 WL 5088675 at *2-3.

78452084.2　　　　　　　　　　　　　　2
**DEFENDANT MCLANE FOODSERVICE, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND/OR 12(f)**

provided in lieu of sick leave, nor was ***Mr. Titus issued*** a separate writing on his designated pay date with his itemized wage statement that set forth this information…." *See* Supplemental Request for Judicial Notice, Exh. E at p. 1 (emph. added). Because the Section 246(h) violation alleged here is the failure to ***notify employees*** of the amount of paid sick leave available, Section 2699(g)(2) ***precludes*** Plaintiff from bringing a PAGA action for those alleged ***employee notice violations***. Instead, penalties for such violations can *only* be recovered by the *LWDA*. This interpretation is entirely *consistent* with the statutory language of Cal. Lab. Code § 248.5(e) ("Section 248(e)"), which *precludes the recovery of civil penalties for violations of Section 246(h)* in actions brought by an aggrieved employee *on behalf of the public*.

Accordingly, where, as here, the alleged Labor Code violation pertains to the failure to comply with a Labor Code ***notice*** requirement, Section 2699(g)(2) expressly ***precludes*** Plaintiff from bringing a PAGA action for the recovery of civil penalties and limits such actions to only being brought by the *LWDA*, and Section 2699.3(c) does *not* override that express limitation so as to authorize an allegedly aggrieved employee to bring a PAGA action to recover civil penalties for violations of Section 246(h).[2]

## II. *WILLIS v. STATE OF CALIFORNIA* IS INAPPOSITE

At the hearing on the Motion, Plaintiff belatedly attempted to rely on *Willis v. State of California*, 22 Cal.App.4th 287 (1994), to support his argument that the "notwithstanding" clause in Section 2699(a) of PAGA should be read to abrogate the later-enacted and more specific limitations in Section 248.5(e). Accordingly, the Court requested supplemental briefing on the *Willis* decision as well. As we discuss below, *Willis* is inapposite and unavailing for Plaintiff.

To that end, *Willis* did *not* involve any evaluation or interpretation of *PAGA's* "notwithstanding" clause, and it certainly did not generally address or decide the meaning or impact of such a statutory clause in relation to the later-enacted, more specific and express limiting

---

[2] Indeed, Plaintiff's PAGA Notice to the LWDA made no mention of waiting to see if MFS exercised any opportunity to "cure" any alleged violations of Section 246(h) pursuant to Section 2699.3(c). Rather, consistent with Section 2699.3(a), Plaintiff assumed that he only needed to wait to see "[i]f the LWDA does not intend to investigate the … violations" before he can "file a civil complaint against the Employer which will include a cause(s) [sic.] of action pursuant to [PAGA]." *See* Supplemental Request for Judicial Notice, Exh. E at p. 2.

**DEFENDANT MCLANE FOODSERVICE, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND/OR 12(f)**

language in Section 248.5(e). Rather, the analysis in *Willis* was specific to the "notwithstanding" clause found in Cal. Gov't Code § 12479 ("Section 12479"), and the meaning and purpose of that clause when viewed in the context of California's *community property laws*. Thus, Plaintiff's reliance on *Willis* is wholly unavailing here.

Indeed, Plaintiff's "notwithstanding" clause argument only becomes potentially germane if the Court should first find that the Section 2699(g)(2) exception is inapplicable to violations of Section 246(h). But, even if the Court were to so find (which it should not), the inescapable conclusion remains that Section 248.5(e) precludes recovery of PAGA penalties for violations of Section 246(h) because the express limitation in the more recent and specific Section 248.5(e) controls over the older and general Section 2699(a). To that point, even *Willis* acknowledges that where two statutes are irreconcilably in conflict *or* where a later statute unequivocally evidences an intent to supersede an earlier statute, the earlier statute will be found to be repealed by implication: "[A] repeal by implication will be found (1) where the two acts are so inconsistent that there is no possibility of concurrent operation, or (2) where the later provision gives undebatable evidence of an intent to supersede the earlier." *Id.* at 292 (citation and internal quotation marks omitted). In *Willis*, the court found that there was no inherent conflict between Section 12479 and California's community property laws because Section 12479 merely mandated the State's *delivery* of a deceased state employee's wage warrants to the employee's selected designee *without transmuting the character of the property or governing its ultimate disposition*. *Id.* at 293-94. In fact, the *Willis* court acknowledged that the *purpose* behind Section 12479 *did not conflict* with California's community property laws: "Perhaps the Legislature intended to give state employees the ability to provide readily available cash at or near the time of death without placing the State in an adjudicative role of deciding between adverse claimants." *Id.* at 293. Therefore, because *Willis* did *not* involve two *conflicting* statutes, it is *not* instructive here.

Here, and unlike in *Willis*, there is an *inherent conflict* between Section 2699(a) and Section 248(e) because the two provisions *cannot* be construed to function harmoniously *unless* the Court agrees that Section 2699(g)(2) must be read as *limiting* the availability of a PAGA

action to recover civil penalties as otherwise authorized by Section 2699(a).[3] Absent such a construction, Section 2699(a) and Section 248.5(e) are in *irreconcilable conflict*. To that end, Section 2699(a) allows civil penalties to be recovered through a PAGA action brought by an aggrieved employee for violations of the Labor Code. Cal. Lab. Code § 2699(a). Section 248(e), however, expressly proscribes the recovery of civil penalties by an aggrieved employee in an action brought on behalf of the public for alleged violations of Section 246(h). Cal. Lab. Code § 248(e). Thus, not only are the provisions of Section 2699(a) and Section 248(e) *directly in conflict* with each other, but the later-enacted statute, Section 248(e), unequivocally evidences an intent to *supersede* Section 2699(a) by *expressly precluding the recovery of civil penalties by a private plaintiff* seeking to assert claims *on behalf of the public* for violations of Section 246(h).

As MFS has already argued in its Motion papers, where such a conflict exists between two statutes, the California Supreme Court has relied on rules of statutory construction that require the later-enacted, more specific statute to prevail over the older, more general law applicable to the same subject. *See* Dkt. #12 at 4:20-5:6. *See also Fuentes*, 16 Cal.3d at 8. Those well-established rules of statutory construction mandate that, if the Court does not find that the provisions of Section 2699(g)(2) are controlling (as discussed above), then the later-enacted, specific provisions of Section 248.5(e) must control over the older, more general provisions of Section 2699(a).

DATED: May 25, 2016

**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**

**MCGUIREWOODS LLP**

By: /s/ Matthew C. Kane
Matthew C. Kane, Esq.

Attorneys for Defendant
MCLANE FOODSERVICE, INC

---

[3] Indeed, as already discussed in Section I, above, any perceived conflict between Section 2699(a) and Section 248(e) is reconciled by the provisions of Section 2699(g)(2). While Section 2699(a) may be considered a general provision establishing civil penalties recoverable for violations of Labor Code provisions, Sections 2699(g)(2) and 248(e) can be viewed as specific rules harmoniously limiting the penalties available in cases where the alleged Labor Code violation at issue pertains to the ***notice*** provisions of Section 246(h). "When so construed the statutes in question are complementary, not contradictory, and function together quite harmoniously." *Fuentes v. Workers' Comp. Appeals Bd.*, 16 Cal.3d 1, 7 (1976).

LAW OFFICES
# MAYALL HURLEY
A PROFESSIONAL CORPORATION

SOUTHERN CALIFORNIA OFFICE

450 N. BRAND BLVD., SUITE 600
GLENDALE, CALIFORNIA 91203
(818) 646-6440

MAILING ADDRESS:
2453 GRAND CANAL BLVD.
STOCKTON, CALIFORNIA 95207

2453 GRAND CANAL BOULEVARD
STOCKTON, CALIFORNIA 95207-8253
FAX (209) 473-4818
TELEPHONE (209) 477-3833
WWW.MAYALLAW.COM

MARK S. ADAMS
J. ANTHONY ABBOTT
VLADIMIR F. KOZINA
STEVEN A. MALCOUN
MARK E. BERRY
WILLIAM J. GORHAM III
NICHOLAS J. SCARDIGLI
ROBERT J. WASSERMAN
JOHN P. BRISCOE
VLADIMIR J. KOZINA
JENNY D. DENNIS
DERICK E. KONZ
SALWA K. HADDAD

November 10, 2015

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612
(510) 622-3273

McLane Foodservice, Inc.
800 E. Pescadero Dr.
Tracy, CA 95304

Re:  Justin Titus

To whom it may concern:

Mayall Hurley P.C. represents Justin Titus. Mr. Titus worked for McLane Foodservice, Inc. (hereinafter "Employer"). In accordance with California Labor Code Section 2699.3, this letter shall serve as Mr. Titus' written notice to the Labor and Workforce Development Agency ("LWDA") and Employer regarding the following violations, and facts and theories supporting those violations, on Mr. Titus' behalf and, as proxy for the LWDA, on behalf of the other current and former employees of Employer.

Mr. Titus worked for Employer from July 15, 2015, through October 19, 2015, as a Transportation Driver. Mr. Titus worked for Employer in California for more than 30 days within a year of the commencement of his employment, and therefore accrued paid sick time pursuant to Labor Code section 246. However, none of the itemized wage statements Employer issued to Mr. Titus during his employment set forth the amount of paid sick leave available, or paid time off leave Employer provided in lieu of sick leave, nor was Mr. Titus issued a separate writing on his designated pay date with his itemized wage statement that set forth this information, in violation of Labor Code section 247(h). Copies of wage statements furnished to Mr. Titus by Employer are attached hereto as **Exhibit A.**

Titus is informed and believes that Employer applied a uniform pay policy and, as such, the Labor Code violations alleged above also occurred with respect to other current and former employees and are ongoing.

**EXHIBIT E**

If the LWDA believes that it needs additional information to determine whether to investigate these claims, please contact me immediately to request additional information, which I will provide to the extent it is available to me or my client.

If the LWDA does not intend to investigate the aforementioned violations, Mr. Titus intends to file a civil complaint against Employer which will include a cause(s) of action pursuant to the Labor Code Private Attorney General Act of 2004 (Lab. Code §§ 2698 – 2699.5). Thank you for your attention and concern in this matter.

Regards,

**MAYALL HURLEY P.C.**

By _____
VLADIMIR J. KOZINA

Exhibits

Exh. E

# EXHIBIT A

EXHIBIT E

**McLane Foodservice, Inc.**
2085 Midway Road
Carrollton TX 75006

| | |
|---|---|
| Pay Group: | FDC-Bi-Weekly Drivers CA |
| Pay Begin Date: | 07/05/2015 |
| Pay End Date: | 07/18/2015 |

| | |
|---|---|
| Dist. Key: | Location |
| Check #: | 4195943 |
| Check Date: | 07/24/2015 |

Justin Ryan Titus

| | |
|---|---|
| Employee ID: | 00063165 |
| Department: | 10002-Transportation Drivers |
| Location: | 232 Tracy |

**TAX DATA:** Federal / CA State
Marital Status: Single / H-of-H
Allowances: 1 / 1
Addl. Pct.:
Addl. Amt.:

## HOURS AND EARNINGS

| Description | Rate | Current Hrs/Units | Current Earnings | YTD Hrs/Units | YTD Earnings |
|---|---|---|---|---|---|
| Driver Hours | 12.0000 | 7.00 | 84.00 | 7.00 | 84.00 |
| Training CA | 6.0000 | 7.00 | 42.00 | 7.00 | 42.00 |

Total Wrk Hrs: 7.00  Total Ben Hrs: 126.00  Total: 7.00  126.00

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 0.00 | 0.00 |
| Fed MED/EE | 1.83 | 1.83 |
| Fed OASDI/EE | 7.81 | 7.81 |
| CA Withholding | 0.00 | 0.00 |
| CA OASDI/EE | 1.13 | 1.13 |

Total: 10.77  10.77

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|

## OTHER BENEFITS & INFORMATION

| Description | Current | YTD |
|---|---|---|

\* Taxable

**NET PAY DISTRIBUTION**
Check #4195943  115.23

Total Net Pay Distributions: 115.23

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 126.00 | 126.00 | 10.77 | 0.00 | 115.23 |
| YTD: | 126.00 | 126.00 | 10.77 | 0.00 | 115.23 |

MESSAGE:

**Exh. E**

**McLane Foodservice, Inc.**
2085 Midway Road
Carrollton TX 75006

| | |
|---|---|
| Pay Group: | FDC-Bi-Weekly Drivers CA |
| Pay Begin Date: | 08/02/2015 |
| Pay End Date: | 08/15/2015 |
| Dist Key: | Location |
| Check #: | 4196365 |
| Check Date: | 08/21/2015 |

Justin Ryan Titus

| | |
|---|---|
| Employee ID: | 000063165 |
| Department: | 10002-Transportation Drivers |
| Location: | 232 Tracy |

**TAX DATA:** Federal / CA State
Marital Status: Single / H-of-H
Allowances: 1 / 1
Addl. Pct.:
Addl. Amt.:

### HOURS AND EARNINGS

| Description | Rate | Current Hrs/Units | Current Earnings | YTD Hrs/Units | YTD Earnings |
|---|---|---|---|---|---|
| Backhaul | 24.0000 | 2.00 | 48.00 | 4.00 | 96.00 |
| Cases | 0.1925 | 5,905.00 | 1,136.72 | | 1,287.20 |
| Driver Hours | 12.0000 | 91.95 | 1,103.40 | 184.74 | 2,216.88 |
| On Call Pay | 12.0000 | 8.00 | 96.00 | 12.00 | 144.00 |
| Per Diem | | | 20.00 | | 20.00 |
| Route Miles | 0.1675 | 828.00 | 138.69 | | 423.35 |
| Stops | 1.9500 | 53.00 | 103.35 | | 106.85 |
| Route Miles | 0.1675 | 1,062.00 | 177.90 | | 0.00 |
| Training CA | | | 0.00 | 83.95 | 503.70 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 460.81 | 682.58 |
| Fed MED/EE | 39.62 | 67.21 |
| Fed OASDI/EE | 169.42 | 287.38 |
| CA Withholding | 81.55 | 103.99 |
| CA OASDI/EE | 24.60 | 41.72 |

| Total Wrk Hrs: 99.95 | Total Ben Hrs: | 2,824.06 | | 196.74 | 4,797.98 | Total: | 776.00 | 1,182.88 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|

### OTHER BENEFITS & INFORMATION

| Description | Current | YTD |
|---|---|---|
| Health Insurance | 61.37 | 122.74 |
| Dental | 6.81 | 13.62 |
| Vision | 3.22 | 6.44 |

| Total: | 71.40 | 142.80 | Total: | 0.00 | 0.00 | Total: | 71.40 | 142.80 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 2,824.06 | 2,732.66 | 776.00 | 71.40 | 1,976.66 |
| YTD: | 4,797.98 | 4,635.18 | 1,182.88 | 142.80 | 3,472.30 |

### NET PAY DISTRIBUTION

Check #4196365 — 1,976.66

* Taxable
Total Net Pay Distributions: 1,976.66

MESSAGE:

**EXHIBIT E**

**McLane Foodservice, Inc.**
2085 Midway Road
Carrollton TX 75006

Justin Ryan Titus

| | |
|---|---|
| Employee ID: 000063165 | Pay Group: FDC-Bi-Weekly Drivers CA |
| Department: 10002-Transportation Drivers | Pay Begin Date: 10/11/2015 |
| Location: 232 Tracy | Pay End Date: 10/24/2015 |

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | H-of-H |
| Allowances: | 1 | 1 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

Dist Key: Location
Check #: 4197421
- On-line Check 0/19/2015

## HOURS AND EARNINGS

| | | Current | | YTD | | TAXES | | |
|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hrs/Units | Earnings | Hrs/Units | Earnings | Description | Current | YTD |
| Cases | 0.1950 | 278.00 | 54.21 | 278.00 | 4,706.38 | Fed Withholding | 107.54 | 2,264.29 |
| Driver Hours | 12.0000 | 15.47 | 185.64 | 494.17 | 5,930.04 | Fed MED/EE | 16.14 | 218.09 |
| CA Light Duty Driver | 15.0000 | 14.07 | 211.05 | 65.86 | 987.90 | Fed OASDI/EE | 69.00 | 932.50 |
| Route Miles | 0.1675 | 331.00 | 55.44 | 331.00 | 1,630.04 | CA Withholding | 5.82 | 352.41 |
| Sick w/o OT - Unscheduled | 28.0300 | 3.99 | 111.84 | 3.99 | 111.84 | CA OASDI/EE | 10.02 | 135.36 |
| Stops | 1.9500 | 3.00 | 5.85 | 3.00 | 402.28 | | | |
| Time Off w/o OT - Unscheduled | 28.0300 | 19.98 | 560.04 | 19.98 | 560.04 | | | |
| Backhaul | | | 0.00 | 7.00 | 168.00 | | | |
| On Call Pay | | | 0.00 | 44.00 | 528.00 | | | |
| Per Diem | | | 0.00 | | 200.00 | | | |
| Retro | | | 0.00 | | 11.17 | | | |
| Training CA | | | 0.00 | 83.95 | 503.70 | | | |

Total Wrk Hrs: 29.54  Total Ben Hrs: 23.97  1,184.07  631.00  15,739.39  Total: 208.52  3,902.65

### BEFORE-TAX DEDUCTIONS | AFTER-TAX DEDUCTIONS | OTHER BENEFITS & INFORMATION

| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| Health Insurance | 61.37 | 429.59 | | | | Company Paid Life* | 0.33 | 0.78 |
| Dental | 6.81 | 47.67 | | | | | | |
| Vision | 3.22 | 22.54 | | | | | | |
| 401k PS | 35.52 | 35.52 | | | | | | |

Total: 106.92  535.32  Total: 0.00  0.00

*Taxable

### NET PAY DISTRIBUTION

Check #4197421  868.63

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | Total Net Pay Distributions: | NET PAY |
|---|---|---|---|---|---|---|
| Current: | 1,184.07 | 1,077.48 | 208.52 | 106.92 | 868.63 | 868.63 |
| YTD: | 15,739.39 | 15,004.85 | 3,902.65 | 535.32 | | 11,301.42 |

MESSAGE: