UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TITUS, | No. 2:16-cv-00635-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive,[1] | |
| Defendants. | |

This matter is before the court on defendant's motion to dismiss or strike plaintiff's requests for damages, civil penalties, and injunctive relief in connection with his fifth claim, for failure to provide notice of paid sick leave in violation of California Labor Code

/////

---

[1] The Ninth Circuit provides, "'[Plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within ninety days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sept. 27, 2011). Plaintiff will be ordered to show cause why the court should not dismiss the "Doe" defendants.

1

section 246(h).[2]  ECF No. 9.  Plaintiff opposes in part the motion.  ECF No. 11.  The court held a hearing and initial scheduling conference on May 18, 2016, at which the court granted the parties leave to submit supplemental briefing.  Specifically, the court allowed the parties seven days to file supplemental briefing "(1) addressing whether plaintiff's PAGA claim is barred by Cal. Lab. Code sections 2699.3 and 2699.5, and (2) responding to plaintiff's citation of *Willis v. California*, 22 Cal. App. 4th 287 (1994), for the first time at hearing."  Minutes, May 18, 2016, ECF No. 14.

On May 25, 2016, the parties each filed a supplemental brief.  Pl.'s Suppl. Brief, ECF No. 15; Def.'s Suppl. Brief, ECF No. 16.  Both briefs go beyond the scope of the briefing allowed by the court, as follows.  Plaintiff improperly argues that he has standing to pursue injunctive relief under sections 226 and 248.5.  Pl.'s Suppl. Brief at 4–5 ("Section II.C"); *see* Def.'s Objections & Mot. Strike, ECF No. 17 (moving to strike Section II.C).  Defendant, in turn, improperly raises the new argument that plaintiff's claim for civil penalties for the alleged violation of section 246(h) is barred by section 2699(g)(2).  Def.'s Suppl. Brief at 1–3.  Although defendant attempts to connect this argument to its previous argument that plaintiff's claim is barred by section 2699.3 and 2699.5, *see* Def.'s Suppl. Brief at 1, section 2699(g)(2) provides an independent basis for barring a claim, which was not previously discussed in the briefing or at hearing.  The court has discretion to disregard these unauthorized arguments.  *See generally* E.D. Cal. L.R. 230; *cf. Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994); *Stewart v. Wachowski*, No. 03-2873, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2004).  However, in the interest of resolving defendant's motion to dismiss on the merits, the court will instead allow each party to file further supplemental briefing responding to these arguments.

For the foregoing reasons, the court ORDERS the following:

Within fourteen days of the issuance of this order, defendant may file a supplemental brief responding to Section II.C of plaintiff's May 25, 2016 brief as to plaintiff's standing to pursue injunctive relief under California Labor Code sections 226 and 248.5. Defendant's objection and motion to strike Section II.C of plaintiff's May 25, 2016 brief, ECF

---

[2] All statutory citations are to the California Labor Code unless otherwise specified.

1  No. 17, is overruled. Within the same fourteen day period, plaintiff may file a supplemental brief
2  responding to defendant's new argument in its May 25, 2016 brief that plaintiff's claim for civil
3  penalties for the alleged violation of section 246(h) is barred by section 2699(g)(2).
4  Supplemental briefing, if any, shall not exceed five pages.  If the parties' supplemental briefing
5  again goes beyond the scope of the briefing allowed by the court, the court will disregard such
6  briefing and may issue other appropriate sanctions.

7        In addition, within fourteen days of the issuance of this order, the parties are
8  ORDERED to identify any state laws other than the Private Attorneys General Act of 2004, Cal.
9  Lab. Code § 2698 *et seq.*, that allow a private person to enforce the Healthy Workplaces, Healthy
10 Families Act of 2014 ("the Act"), Cal. Lab. Code §§ 245–49, on behalf of the public.  *See* Cal.
11 Lab. Code § 248.5(e) (limiting the relief available to a private person enforcing the Act "on
12 behalf of the public as provided for under applicable state law").  The parties shall submit a list of
13 authorities, if any, without accompanying argument.

14       Finally, plaintiff is ORDERED to show cause within fourteen days of the issuance
15 of this order why the court should not dismiss the "Doe" defendants.

16       IT IS SO ORDERED.
17  DATED: August 8, 2016

                              UNITED STATES DISTRICT JUDGE