**MAYALL HURLEY**
**A Professional Corporation**
**2453 Grand Canal Boulevard**
**Stockton, California 95207**
**Telephone (209) 477-3833**
**Facsimile (209) 473-4818**
**ROBERT J. WASSERMAN**
**CA State Bar No. 258538**
**VLADIMIR J. KOZINA**
**CA State Bar No. 284645**
**JENNY D. BAYSINGER**
**CA State Bar No. 251014**

**Attorneys for Plaintiff JUSTIN TITUS**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN TITUS,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive,**<br><br>    **Defendants.** | **Case No.: 2:16-cv-00635-KJM-EFB**<br><br>**PLAINTIFF'S FURTHER SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANT MCLANE FOODSERVICE, INC.'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**<br><br>Hearing Date:   May 18, 2016<br>Time:           1:30 p.m.<br>Courtroom:      3<br>Judge:          Hon. Kimberly J. Mueller<br><br>Complaint filed: December 30, 2015<br>Removal filed: March 25, 2016 |

## I.  INTRODUCTION

Defendant McLane Foodservice, Inc. ("Defendant") now suggests that Labor Code section 246, subdivision (h) falls within the scope of "a posting, notice, agency reporting, or filing requirement of this [Labor] code" and is thus excepted from

PAGA by California Labor Code section 2699(g)(2).  Defendant's suggested reading of the narrow statutory exception cannot be reconciled with the PAGA's fundamental public policy purpose.

## II. LEGAL ARGUMENT

A. <u>Labor Code Section 246(h) Is Not the Type of Notice Requirement Intended to Be Exempted from PAGA.</u>

It is entrenched law that exceptions to a broad remedial statutory scheme intended to benefit the public must be read narrowly.  E.g. *FTC v. AT&T Mobility, LLC* (N.D. Cal. 2015) 87 F.Supp.3d 1087, 1100-1101 (articulating general rule); *Sarkisov v. Stonemar Partners, L.P.* (N.D. Cal. 2014) 2014 U.S. Dist. LEXIS 47021, at p. 19 (acknowledging PAGA's remedial purpose); *Ramirez v. Yosemite Water Co. Inc.* (1999) 20 Cal.4th 785, 794 (recognizing generally that the remedial nature of provisions regulating wages, hours and working conditions requires that such provisions be liberally construed with an eye towards protecting employees).  PAGA constitutes just such a public benefit statute and thus the scope of section 2699, subdivision (g)(2)'s exceptions must be narrowly interpreted to preserve the deterrent purposes of the statute.  There is an absolute dearth of case law interpreting the scope of Labor Code section 2699, subdivision (g)(2)'s exemption of "posting, notice, agency reporting, or filing requirement[s]" from prosecution under the PAGA.  Based on the public function of the PAGA, and the fact that PAGA claims are plainly available for violations of Labor Code section 226, the requirement that employers inform employees of available and accrued sick time should not be read to fall within section 2699(g)(2)'s narrow exceptions.  Rather, a posting or notice requirement exempt from PAGA prosecution is properly read to consist of notifications (and postings) advising of static employee rights (i.e. notice of workers' compensation carrier and coverage under Labor Code 3550; notification of established paydays required by Labor Code 207) as opposed to changing substantive information of the type implicated by Labor Code section 246,

1  subdivision (h).  Statutes such as Labor Code section 226 and 246 are intended to
2  provide employees with real-time, updated information regarding earned wages and
3  other benefits.

4  To read the exemption as broadly Defendants suggest would effectively
5  preclude Labor Code section 226 from the scope of violations actionable pursuant to
6  the PAGA.  Certainly this is not the law.  E.g. *McKenzie v. Fed. Express Corp.* (C.D.
7  Cal. 2011) 765 F.Supp.2d 1222, 1231 (expressly recognizing that "[t]he provisions
8  of PAGA apply to an alleged violation of California Labor Code § 226(a)").  It is
9  undeniable that the purpose of Labor Code 226 is to afford employees notification of
10 the specific information outlined in subdivisions (a)(1) through (a)(9).  *Id*. at p. 1228
11 (explaining that the term "showing" in the statute means to make evident or apparent
12 or visible).  Yet, there is no question that a violation of Labor Code section 226 may
13 be brought as a PAGA representative action.  The purpose of the Labor Code section
14 246(h) notification requirement parallels the purpose of section 226—to provide the
15 employee with specific categories of information so he/she can ensure the employer
16 is treating him fairly and providing proper compensation and benefits.  The
17 information required by Labor Code section 246(h) is so akin to that mandated by
18 section 226 that the Legislature expressly referenced 226 within its provisions;
19 providing that an employer can include the accrued and available sick leave
20 information in a 226 wage statement *and* that the penalties provided for under 246
21 are "in lieu of" penalties under 226.  Based on the purpose of the Labor Code section
22 246(h) notification requirement, its obvious parallels to Labor Code section 226, and
23 in light of the general requirement that exceptions to broad public benefit statutes
24 must be read narrowly, the mandate that employers inform employees *every pay*
25 *period* of the amount of accrued and available sick leave is not properly interpreted
26 to constitute a notice provision exempt from the PAGA.
27 */ / /*
28 */ / /*

### III.   CONCLUSION

The similarities between the information employers are required to provide under Labor Code 246(h) and that mandated by section 226 are undeniable—both statutes require that employers notify employees of specific information each and every pay period.  There is no question that violations of Labor Code section 226 are actionable pursuant to the PAGA and nothing within the Legislative history of section 246(h) provide any support for treating it any differently than Labor Code section 226 for PAGA purposes.  In fact, the Legislature recognized the congruence of the two statutes by expressly referencing 226 within 246(h).  Since exceptions to the PAGA must be read narrowly and since the information provision purpose of section 246(h) is identical to that of section 226, 246(h) should not be read to fall within the scope of a "posting, notice, agency reporting, or filing requirement . . ." exempt from prosecution under the PAGA.

**DATED:**  August 23, 2016                                   **MAYALL HURLEY P.C.**


                                                              By        /s/ Jenny D. Baysinger
                                                                        ROBERT J. WASSERMAN
                                                                        JENNY D. BAYSINGER
                                                                        Attorneys for Plaintiff
                                                                        JUSTIN TITUS