**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**
**A LAW CORPORATION**
David A. Wimmer (SBN #155792)
  Email: dwimmer@swerdlowlaw.com
Lori M. Yankelevits (SBN #156253)
  Email: lyankelevits@swerdlowlaw.com
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980
Facsimile:  (310) 273-8680

**MCGUIREWOODS LLP**
Matthew C. Kane (SBN #171829)
  Email:  mkane@mcguirewoods.com
Sylvia J. Kim (SBN #258363)
  Email:  skim@mcguirewoods.com
Sean M. Sullivan (SBN #286368)
  Email:  ssullivan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone: (310) 315.8200
Facsimile:  (310) 315.8210

Attorneys for Defendant
MCLANE FOODSERVICE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TITUS, <br><br> Plaintiff, <br><br> vs. <br><br> MCLANE FOODSERVICE, INC., a corporation; and DOES 1-100, inclusive, <br><br> Defendant. | CASE NO. 2:16-cv-00635-KJM-EFB <br><br> **DEFENDANT MCLANE FOODSERVICE, INC.'S FURTHER SUPPLEMENTAL BRIEF AS REQUESTED BY COURT [DKT. #19] IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT [DKT. #9]** <br><br> **Date:** May 18, 2016 <br> **Time** 1:30 p.m. <br> **Courtroom:** 3, 15th Floor <br> **Judge:** Hon. Kimberly J. Mueller |

81461177.4

**DEFENDANT MCLANE FOODSERVICE, INC.'S FURTHER SUPPLEMENTAL BRIEF AS REQUESTED BY COURT [DKT. #19] IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT [DKT. #9]**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INJUNCTIVE RELIEF UNDER CAL. LABOR CODE § 248.5(e) IS NOT A REMEDY PLAINTIFF CAN SEEK BECAUSE A PAGA ACTION CANNOT BE BROUGHT FOR ALLEGED VIOLATIONS OF THE EMPLOYEE NOTICE REQUIREMENTS OF LABOR CODE § 246(h)

As set forth in Defendant's earlier supplemental brief requested by the Court, Cal. Lab. Code § 2699(g)(2) ("Section 2699(g)(2)") expressly forecloses the ability to bring a PAGA action for violations of Cal. Labor Code § 246(h) ("Section 246(h)") because Section 246(h) is an employee *notice* statute, Section 2699(g)(2) expressly *excepts* such statutes from PAGA's enforcement scheme and, consequently, Plaintiff cannot use PAGA to seek enforcement remedies for violations of Section 246(h).[1] As Plaintiff has conceded, Cal. Labor Code § 248.5(e) ("Section 248.5(e)") expressly forecloses any private right of action for Section 246(h) violations, and he has failed to identify or invoke any other statutory framework ostensibly permiting him to seek enforcement remedies on behalf of the public for such violations. Therefore, his claim for injunctive relief fails as a matter of law because there is no statutory pathway for him to seek any of the limited remedies described in Section 248.5(e), including injunctive relief.

## II. EVEN IF A PAGA ACTION COULD BE PURSUED, SECTION 248.5(e) ONLY OPERATES TO *LIMIT* THE SOLE REMEDY OF OSTENSIBLY RECOVERABLE CIVIL PENALTIES FOR PREVAILING IN A PAGA ACTION BROUGHT TO ENFORCE ALLEGED VIOLATIONS OF SECTION 246(h) – IT DOES *NOT SUPPLANT* OR *EXPAND* THE REMEDIES AVAILABLE IN A PAGA ACTION

Plaintiff argues that if Section 248.5(e) is construed as "excepting the [PAGA] Act" from the penalties remedy supposedly otherwise provided under PAGA for alleged violations of Section 246(h), then it must also be construed to "authorize equitable, injunctive or restitutionary relief in a PAGA action – to *supplant* the civil penalty remedy [in PAGA] with the remedies outlined in section 248.5(e)." *See* Dkt. #15. at 4:17-22 (emph. added). Not surprisingly, however, Plaintiff proffers absolutely no legal support for this argument, and it fails because the provisions of PAGA

---

[1] **Section 2699(g)(2)** specifically provides: "*No action shall be brought* under this part *for any violation of a* posting, *notice*, agency reporting, or filing *requirement* of this code, except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting." (Emph. added). **Section 246(h)** requires that employers "provide an *employee* with *written notice* that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave…." (Emph. added).

81461177.4  1
**DEFENDANT MCLANE FOODSERVICE, INC.'S FURTHER SUPPLEMENTAL BRIEF AS REQUESTED BY COURT [DKT. #19] IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT [DKT. #9]**

and Section 248.5(e) can be harmonized in a manner that gives effect to both.[2]

As the California Supreme Court has instructed, "[w]henever possible, … we must reconcile statutes and seek to avoid interpretations which would require us to ignore one statute or the other [citation], and the rule giving precedence to the later statute is invoked only if the two cannot be harmonized." *Fuentes v. Workers' Comp. Appeals Bd.*, 16 Cal.3d 1, 7 (1976) (cit. omitted). Indeed, the Court "must assume that when passing a statute the Legislature is aware of existing related laws and intends to maintain a consistent body of rules." *Id.*

As discussed above and in Defendant's earlier supplemental briefing, no conflict exists between PAGA and Section 248.5(e) because a PAGA action cannot be brought for violations of Section 246(h)'s employee notice provisions. But, notwithstanding, any conflict between PAGA and Section 248.5(e) raised by Plaintiff's argument is confined to the *narrow issue* of whether civil *penalties* may be recovered when prevailing in a PAGA action to enforce Section 246(h) on behalf of the public. Indeed, any such conflict must be construed as *narrowly* as possible – Section 248.5(e) must be read as merely *limiting* the availability of civil *penalties* as a remedy in a PAGA action and *nothing more*. *See, e.g.*, *Allen v. Stoddard*, 212 Cal.App.4th 807, 816-17 (2013), *as modified on denial of reh'g* (Feb. 1, 2013) (acknowledging conflict between two statutes on narrow point of when suit must be filed but refusing to construe the conflict as extending more broadly, even if it leaves the relationship between the two statutes "a bit wibbly wobbly in certain particulars"). Thus, Plaintiff's attempt to have the Court construe the conflict expansively to reach beyond that narrow issue, and to read Section 248.5(e) as authorizing injunctive relief in a PAGA action that is not otherwise authorized under PAGA itself, conflicts with the California Supreme Court's directive to construe conflicts *narrowly* and maintain consistency amongst California statutes. Therefore, Plaintiff has failed to establish that the reference to injunctive relief in Section 248.5(e) can or should be interpreted as supplanting or expanding – rather than *only limiting* – the remedies available in a PAGA action ostensibly seeking to enforce violations of Section 246(h).

---

[2] **Section 248.5(e)** provides: "[A]ny person or entity enforcing this article *on behalf of the public* as provided for *under applicable state law* shall, upon prevailing, be entitled *only to equitable, injunctive, or restitutionary relief, and reasonable attorney's fees and costs*." (Emph. added).

81461177.4

2

**DEFENDANT MCLANE FOODSERVICE, INC.'S FURTHER SUPPLEMENTAL BRIEF AS REQUESTED BY COURT [DKT. #19] IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT [DKT. #9]**

## III. SECTION 248.5(e) CANNOT BE CONSTRUED IN A MANNER THAT WOULD SUPERSEDE THE FUNDAMENTAL REQUIREMENTS OF ARTICLE III STANDING, WHICH PRECLUDE FORMER EMPLOYEES FROM PURSUING CLAIMS FOR INJUNCTIVE RELIEF IN FEDERAL COURT

It is a basic and fundamental principle that a party seeking to invoke federal jurisdiction *must* establish standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975). In order to do so, Plaintiff must demonstrate a credible threat of future "injury" which is sufficiently concrete and particularized to meet the "case or controversy" requirement of Article III. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Lujan v. Defenders of Wildlife, Inc.*, 504 U.S. 555, 560 (1992); *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Indeed, injury in fact is "the hard floor of the Article III jurisdiction that **cannot be removed by statute**." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) (emph. added).

Rather than alleging or arguing that he has any credible threat of future injury related to alleged violations of Section 246(h) by Defendant (because he has none), Plaintiff relies exclusively on *Gonzalez v. Trimedica Int'l, Inc.*, 2010 WL 4968069 (E.D. Cal. Dec. 1, 2010), to erroneously assert he has standing to seek injunctive relief as a former employee. To that end, he incorrectly argues that because a PAGA representative action is "effectively a qui tam action" and "there is no requirement in such an action that the individual plaintiff *himself* be suffering ongoing and continuing harm in order to seek injunctive relief." *See* Dkt. #15 at 5:1-4. Plaintiff's argument is flawed because *Gonzalez* is factually and legally distinguishable.

Indeed, *Gonzalez* did not decide or otherwise address whether a former employee, without any demonstrable concrete or imminent injury, has standing to seek *injunctive relief* in federal court pursuant to a *state* statute. Rather, the *Gonzalez* court's standing holding was limited to the specific factual circumstances before it: whether a plaintiff could pursue claims for *monetary relief* pursuant to the federal false marking statute, 35 U.S.C. § 292 ("Section 292"), under the then-version of the statute, which expressly conferred upon "any person" standing to sue for civil penalties, even if he had not actually purchased the product that allegedly violated Section 292. The court noted that Section 292 is a federal qui tam statute and that a qui tam relator can establish standing "based on the United States' implicit partial assignment of its *damages*." *Id.* at *2

(emph. added). There was *no* discussion or analysis in *Gonzalez* as to whether the plaintiff could pursue an action for *injunctive relief* under Section 292. Further, because the then-version of Section 292 expressly conferred standing upon "any" person to sue for monetary (and injunctive) remedies, the *Gonzalez* court easily concluded that the plaintiff had standing to seek the monetary remedies he sought, as *expressly provided for under the statute*.

In stark contrast here, PAGA does *not* confer standing upon "any person" to enforce California's labor laws nor does it expressly provide for injunctive relief as an available remedy. On the contrary, standing under PAGA is confined to "aggrieved employees," and injunctive relief is not an available remedy under PAGA. A plaintiff seeking to invoke PAGA in federal court must establish that he has suffered some *personal injury* that renders him an aggrieved employee and that he can *personally satisfy* the mandatory standing requirements of Article III. *See Taylor v. W. Marine Prod., Inc.*, 2014 WL 1248162, *2 (N.D. Cal. Mar. 26, 2014) (holding that a PAGA plaintiff must *personally satisfy* Article III standing requirements in federal court). Thus, the significant differences between the express standing and remedy provisions of PAGA and Section 292 preclude reliance on *Gonzalez* as being instructive for evaluating Plaintiff's standing to pursue injunctive relief under PAGA (which is not even an available remedy).

Moreover, it is significant that *Gonzalez* involved a legislative enactment by *Congress* making cognizable a *federal* claim in *federal* court. In contrast, PAGA is a *state* law enacted by the *state* legislature. While "[a] state legislature may relax standing requirements for the state courts, [it] may not do so for cases heard in *federal court*." *Id*. (emph. added). Indeed, "Article III imposes a mandatory standing requirement" in federal court. *Id.* "'[N]o matter its reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled law to the contrary,' and '[s]tates cannot alter that role simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse.'" *Id.* (quoting *Hollingsworth v. Perry,* 133 S.Ct. 2652, 2667 (2013)).[3] Thus, in

---

[3] *See also Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) ("'In determining jurisdiction, district courts of the United States must look to the sources of their power, ***article III of the United States Constitution*** and ***Congressional*** statutory grants of jurisdiction, *not* to the acts of *state*

*Taylor*, the court rejected the notion that PAGA could confer Article III standing upon a plaintiff to enforce Labor Code violations that the plaintiff had not personally experienced. 2014 WL 1248162 at *3.

In the analogous context of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200 et seq., the Ninth Circuit has *rejected* the notion that a *former employee* who faces *no concrete and particularized threat of future injury* can satisfy *Article III* standing to seek prospective injunctive relief *in federal court*: "'a plaintiff whose cause of action [under the UCL] is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action *in federal court*, if he cannot demonstrate the requisite injury' to establish Article III standing." *Hangarter*, 373 F.3d at 1021-22 (cit. omitted) (emph. added).[4]

Because Plaintiff is a former employee who cannot demonstrate the existence of a concrete or imminent injury given that he no longer works for Defendant, he *cannot personally satisfy* the mandatory "injury in fact" element of Article III standing. Therefore, his claim for injunctive relief fails as a matter of law and should be dismissed or stricken.

DATED: August 23, 2016

**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**

**MCGUIREWOODS LLP**

By: /s/ Matthew C. Kane
Matthew C. Kane, Esq.

Attorneys for Defendant
MCLANE FOODSERVICE, INC

---

legislatures. However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction.'" (cit. omitted) (emph. added).

[4] Thus, *state court* UCL cases and/or UCL cases decided *before Prop. 64 was passed* by the voters, have *no bearing on Article III federal court standing* issues. But, even under the UCL, as amended by Prop. 64, "[a]ny person may pursue representative claims or relief on behalf of others <u>only if the claimant meets the standing requirements of [Cal. Bus. & Prof. Code] Section 17204 ["Section 17204"] and complies with [the class certification requirements of] Section 382 of the Code of Civil Procedure</u>…." Cal. Bus. & Prof. Code § 17203 (emph. added). Notably, Plaintiff does not seek or attempt to bring his claim for alleged violations of Section 246(h) as a class action under the UCL. Notwithstanding, Section 17204 expressly mandates that actions for relief under the UCL not brought by a public prosecutor can *only* be brought "<u>by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.</u>" Cal. Bus. & Prof. Code § 17204 (emph. added). ***Plaintiff does not allege he has suffered any such injury or loss***.

81461177.4

5

**DEFENDANT MCLANE FOODSERVICE, INC.'S FURTHER SUPPLEMENTAL BRIEF AS REQUESTED BY COURT [DKT. #19] IN SUPPORT OF MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT [DKT. #9]**