1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN TITUS,                               No.  2:16-cv-00635-KJM-EFB

12                  Plaintiff,

13         v.                                     ORDER

14   MCLANE FOODSERVICE, INC., a
     corporation; and DOES 1-100, inclusive,

15
                    Defendants.
16

17

18                Defendant McLane Foodservice, Inc. ("McLane") moves to dismiss or,

19   alternatively, to strike plaintiff Justin Titus's requests for damages, civil penalties, and injunctive

20   relief in connection with his fifth claim, for failure to provide notice of paid sick leave in

21   violation of California Labor Code section 246(h).[1]  Plaintiff opposes the motion in part.  The

22   court held a hearing and initial scheduling conference on May 18, 2016, at which Jenny

23   Baysinger appeared for plaintiff and Matthew Kane appeared for defendant.  For the following

24   reasons, the court GRANTS defendant's motion.

25   /////

26   /////

27   _____

28         [1] All statutory citations are to California authorities unless otherwise specified.

                                            1

1  I.　　　BACKGROUND

2  　　　A.　　Statutory Background

3  　　　　　The court first provides an overview of the relevant statutes, the Private Attorneys

4  General Act of 2004, Cal. Lab. Code § 2698 *et seq.* ("PAGA"), and the Healthy Workplaces,

5  Healthy Families Act of 2014, Cal. Lab. Code §§ 245–249 ("the Healthy Workplaces, Healthy

6  Families Act" or "the Act").

7  　　　　　1.　　PAGA

8  　　　　　In 2003, the California Legislature adopted PAGA to improve enforcement of

9  existing Labor Code obligations.  *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379

10  (2014), *cert. denied*, 135 S. Ct. 1155 (2015); *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.

11  App. 4th 365, 370, 374 (2005).  PAGA "prescribe[s] a civil penalty for existing Labor Code

12  sections for which no civil penalty has otherwise been established and . . . allow[s] aggrieved

13  employees . . . to bring a civil action to collect civil penalties for Labor Code violations

14  previously only available in enforcement actions initiated by the State's labor law enforcement

15  agencies."  *Caliber Bodyworks*, 134 Cal. App. 4th at 374.

16  　　　　　Specifically, it provides, in relevant part,

17  　　　　Notwithstanding any other provision of law, any provision of this
18  　　　　code that provides for a civil penalty to be assessed and collected
　　　　by the Labor and Workforce Development Agency [(LWDA)]. . .
19  　　　　for a violation of this code, may, as an alternative, be recovered
　　　　through a civil action brought by an aggrieved employee on behalf
20  　　　　of himself or herself and other current or former employees
　　　　pursuant to the procedures specified in Section 2699.3.

21  Cal. Lab. Code § 2699(a).  However, section 2699(g)(2) creates an exception to that general rule:

22  It provides that "[n]o action shall be brought under this part for any violation of a posting, notice,

23  agency, reporting, or filing requirement of [the Labor Code], except where the filing or reporting

24  requirement involves mandatory payroll or workplace injury reporting."  Cal. Lab. Code

25  § 2699(g)(2).

26  　　　　　The California Supreme Court has explained that in bringing a PAGA action, "the

27  aggrieved employee acts as the proxy or agent of state labor law enforcement agencies,

28  representing the same legal right and interest as those agencies, in a proceeding that is designed to

2

1  protect the public, not to benefit private parties." *Amalgamated Transit Union, Local 1756, AFL-*

2  *CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (2009) (citations omitted).  The penalties recovered

3  in this kind of civil action generally are distributed seventy-five percent to the State and twenty-

4  five percent to the aggrieved employee.  *Caliber Bodyworks*, 134 Cal. App. 4th at 370.

5           Section 2699.3 establishes procedural prerequisites to a civil action for PAGA

6  remedies, which vary with the type of violation alleged.  Cal. Lab. Code § 2699.3.  An action

7  alleging a violation of any provision listed in section 2699.5 must comply with the requirements

8  of section 2699.3(a); an action alleging a violation of any provision of Division 5 (commencing

9  with section 6300) other than those listed in section 2699.5 must comply with the requirements of

10  section 2699.3(b); and an action alleging a violation of any provision not listed in section 2699.5

11  or Division 5 must comply with the requirements of section 2699.3(c).  *Id.*  Here, as noted,

12  plaintiff alleges a violation of section 246(h), which is not listed in section 2699.5 or in Division

13  5, so the requirements of section 2699.3(c) apply if plaintiff's action is not otherwise barred.

14  Section 2699.3(c) requires an aggrieved employee to give the LWDA and the employer written

15  notice of the alleged violation and then wait thirty-three days to allow the employer to cure the

16  alleged violation.  *Id.* § 2699.3(c)(1)–(2) ("notice and cure provisions").  If the alleged violation is

17  not cured within the thirty-three day period, the employee may commence a civil suit.  *Id.*

18  § 2699.3(c)(2)(A).

19           2.      The Healthy Workplaces, Healthy Families Act

20           In 2014, the California Legislature enacted the Healthy Workplaces, Healthy

21  Families Act.  Section 246(h)[2] reads as follows, in relevant part:

22           An employer shall provide an employee with written notice that
             sets forth the amount of paid sick leave available, or paid time off
23           leave an employer provides in lieu of sick leave, for use on either

24

---

25  [2] The California Legislature recently amended section 246.  2015 California Senate Bill No. 3,
    California 2015–2016 Regular Session (filed Apr. 4, 2016).  The amendment did not alter the
26  relevant language, but it relabeled subsection "(h)" as subsection "(i)."  *Id.*  Because the
    complaint and the parties address the prior version of the Act, and to avoid confusion, the court
27  refers to this provision as subsection "(h)" throughout this order, both with respect to the alleged
    past violations and with respect to the requested injunctive relief prohibiting future violations.
28

3

1    the employee's itemized wage statement described in Section 226[3]
     or in a separate writing provided on the designated pay date with
2    the employee's payment of wages . . . .

3    Cal. Lab. Code § 246(h) (2014).

4          Section 248.5 allows the Labor Commissioner to bring a civil action against an

5    employer violating the Act and to seek legal or equitable relief on behalf of the aggrieved

6    employees, including reinstatement or injunctive relief, backpay, restitution, liquidated damages,

7    attorney's fees and costs, and additional penalties.  *Id.* § 248.5(e).  Section 248.5 also provides

8    "that any person or entity enforcing [the Act] on behalf of the public as provided for under

9    applicable state law shall, upon prevailing, be entitled only to equitable, injunctive, or

10   restitutionary relief, and reasonable attorney's fees and costs."  *Id.*

11         B.    Relevant Facts and Procedural Background

12         The only claim subject to defendant's motion is plaintiff's fifth claim for failure to

13   provide notice of paid sick leave in violation of California Labor Code section 246(h).  The

14   complaint alleges the following facts to support that claim.  Plaintiff Titus was employed as a

15   transportation driver for defendant McLane from July 15, 2015 until he was terminated on

16   October 19, 2015.  *See* Compl. ¶¶ 19, 29, Def.'s Appendix of Docs. Ex. A, ECF No. 4.  As of

17   August 15, 2015, plaintiff had worked for defendant for at least thirty days, so he was entitled to

18   paid sick leave under California Labor Code section 246.  *Id.* ¶ 58.  However, during plaintiff's

19   employment, defendant did not provide him with written notice of the paid sick time he had

20   available, as required by section 246(h).  *Id.* ¶¶ 59–60.  In connection with his fifth claim,

21   plaintiff seeks recovery of "compensatory, special, and general damages, including lost wages

22   and related benefits"; "civil and statutory penalties, including those available under Labor Code

23

24   _____

25         [3] Section 226 requires employers to furnish their employees with accurate itemized wage
     statements that show specific information, including (1) gross wages earned, (2) total hours
26   worked, (3) number of piece-rate units earned and applicable piece rate, (4) all deductions, (5) net
     wages earned, (6) inclusive dates of the pay period, (7) name of the employee and last four digits
27   of the employee's social security number, (8) name and address of the legal entity that is the
     employer, and (9) all applicable hourly rates in effect and the corresponding number of hours
28   worked at each hourly rate.  Cal. Lab. Code § 226(a).

4

1   sections 226, 248.5, and 2699(f)"; an injunction ensuring defendant's compliance with the Labor

2   Code; pre-judgment and post-judgment interest; and attorneys' fees and costs. *Id.* at 11.

3              On December 30, 2015, plaintiff filed a civil action in the San Joaquin Superior

4   Court. *See generally* Compl. Defendant removed the action on March 25, 2016. ECF No. 1. On

5   April 15, 2016, defendant filed the instant motion to dismiss. Mot., ECF No. 9. Plaintiff opposed

6   the motion in part, Opp'n, ECF No. 11, and defendant replied, Reply, ECF No. 12.

7              At hearing, the court granted the parties leave to submit supplemental briefing

8   "(1) addressing whether plaintiff's PAGA claim is barred by Cal. Lab. Code sections 2699.3 and

9   2699.5, and (2) responding to plaintiff's citation of *Willis v. California*, 22 Cal. App. 4th 287

10  (1994), for the first time at hearing." Minutes, May 18, 2016, ECF No. 14. Each party

11  subsequently filed a supplemental brief. Pl.'s Suppl. Brief, ECF No. 15; Def.'s Suppl. Brief, ECF

12  No. 16. Both parties' briefs went beyond the scope of the briefing allowed by the court, so the

13  court allowed each party to file further supplemental briefing responding to the other's respective

14  unauthorized, new arguments. Order, Aug. 9, 2016, ECF No. 19. The court also ordered the

15  parties to identify any state laws other than PAGA that allow a private person to enforce the Act

16  on behalf of the public. *Id.* Each party submitted a second supplemental brief and a list of

17  authorities. ECF Nos. 21–24. Both parties identified the California Unfair Competition Law,

18  Cal. Bus. & Prof. Code §§ 17200, 17204, as the only state law other than PAGA that allows a

19  private person to enforce the Act on behalf of the public. Pl.'s Statement, ECF No. 22; Def.'s

20  Statement, ECF No. 24.

21  II.     LEGAL STANDARDS

22             A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the

23  court's subject matter jurisdiction. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036,

24  1039–40 (9th Cir. 2003). When a party moves to dismiss for lack of subject matter jurisdiction,

25  "the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Boardman v.*

26  *Shulman*, No. 12-00639, 2012 WL 6088309, at *2 (E.D. Cal. Dec. 6, 2012), *aff'd sub nom.*

27  *Boardman v. C.I.R.*, 597 F. App'x 413 (9th Cir. 2015). If a plaintiff lacks standing, the court

28

5

1    lacks subject matter jurisdiction under Article III of the U.S. Constitution.  *Cetacean Cmty. v.*

2    *Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

3            Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

4    dismiss a complaint for "failure to state a claim upon which relief can be granted."  The motion

5    may be granted only if the complaint "lacks a cognizable legal theory or sufficient facts to

6    support a cognizable legal theory."  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114,

7    1122 (9th Cir. 2013).  Although a complaint need contain only "a short and plain statement of the

8    claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a

9    motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to

10   'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

11   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

12   something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

13   "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.*

14   (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to

15   dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

16   draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses

17   on the interplay between the factual allegations of the complaint and the dispositive issues of law

18   in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

19           In making this context-specific evaluation, this court must construe the complaint

20   in the light most favorable to the plaintiff and accept its factual allegations as true.  *Erickson v.*

21   *Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "a legal conclusion couched as a

22   factual allegation," *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

23   (1986)), "allegations that contradict matters properly subject to judicial notice," *Sprewell v.*

24   *Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001), or material attached to or

25   incorporated by reference into the complaint, *see id.*  A court's consideration of documents

26   attached to a complaint, documents incorporated by reference in the complaint, or matters of

27   judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United*

28   *States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d

1   1480, 1484 (9th Cir. 1995); *cf. Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th

2   Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss,

3   generally court is limited to face of the complaint on 12(b)(6) motion).

4   III.    DISCUSSION

5              Defendant moves to dismiss each claim for relief sought for the alleged violation

6   of section 246(h): (1) "compensatory, special, and general damages, including lost wages and

7   related benefits"; (2) civil penalties under section 226; (3) civil penalties under section 248.5

8   through PAGA; and (4) an injunction ensuring defendant's compliance with the Labor Code.  *See*

9   Mot. at 1–2.  The court examines each request for relief in turn.

10          A.      Individual Damages Under Section 246(h)

11              Plaintiff agrees, and the court independently concludes, plaintiff cannot bring an

12   individual claim for the alleged violation of section 246(h), because there is no private right of

13   action to enforce that provision.  Opp'n at 2 n.1; *see* Cal. Lab. Code § 246(h) (no express private

14   right of action).  *Compare* Assembly Bill No. 1522 at 13, 2013–2014 Regular Session, Mot. Ex.

15   B,[4] ECF No. 9 (original draft of section 248.5(e) allowing "a person" to bring a civil action), *with*

16   Cal. Lab. Code § 248.5(e) (enacted provision omitting reference to "a person").  Accordingly, the

17   court DISMISSES plaintiff's individual claim and request for individual damages for a violation

18   of section 246(h).  Because amendment would be futile, the claim is dismissed without leave to

19   amend.  *See* Fed. R. Civ. P. 15(a); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

20   1047, 1058 (9th Cir. 2011) (a court need not grant leave to amend under Federal Rule of Civil

21   Procedure 15(a) when amendment would be futile).

22          B.      Penalties Under Section 226

23              In addition, plaintiff concedes, and the court independently concludes, it is proper

24   to dismiss plaintiff's claim for penalties under section 226, because section 246(h) expressly

25   precludes the recovery of penalties under section 226 for a violation of that subdivision.  Opp'n

26

27          [4] The court takes judicial notice of Assembly Bill No. 1522, as introduced on January 16,
    2014, because it "can be accurately and readily determined from sources whose accuracy cannot
28   reasonably be questioned," Fed. R. Evid. 201(b)(2).

1    at 2 n.1; *see* Cal. Lab. Code § 246(h) ("The penalties described in this article for a violation of

2    this subdivision shall be in lieu of the penalties for a violation of Section 226.").  Accordingly, the

3    court also DISMISSES plaintiff's request for penalties under section 226 without leave to amend.

4    *See Cafasso*, 637 F.3d at 1058.

5              C.         Penalties Under PAGA

6                   Defendant advances three arguments for dismissing plaintiff's claim for civil

7    penalties for the alleged violation of section 246(h): (1) PAGA does not allow for recovery of

8    civil penalties here, because section 246(h) is not listed in section 2699.5; (2) PAGA does not

9    allow for recovery of civil penalties here, because section 246(h) is a notice requirement within

10   the meaning of section 2699(g)(2); and (3) section 248.5(e) independently precludes the recovery

11   of PAGA penalties, because it expressly limits the relief available to a private person who is

12   enforcing section 246(h) on behalf of the public to only equitable, injunctive, or restitutionary

13   relief.  *See* Reply at 1–5; Def.'s Suppl. Brief at 1–5.

14                  Defendant's first argument incorrectly interprets PAGA.  Contrary to defendant's

15   assertion, a provision of the Labor Code need not be listed in section 2699.5 for a plaintiff to

16   recover penalties for a violation of that provision under PAGA.  As explained above, and as this

17   court previously has concluded, whether a provision is listed in section 2699.5 merely determines

18   whether a plaintiff must comply with the procedural requirements of section 2699.3(a), or the

19   different requirements of 2699.3(b) or (c).  *See Stoddart v. Express Servs., Inc.*, No. 12-01054,

20   2015 WL 5522142, at *3 (E.D. Cal. Sept. 16, 2015) ("An employee may also bring a PAGA

21   action for violations of sections other than those listed in section 2699.5, but an employee must

22   allow the employer an opportunity to cure the alleged violation in addition to providing notice to

23   the LWDA." (citing Cal. Lab. Code § 2699.3(c))).

24                  However, defendant's second argument has merit.  As stated above, the text of

25   PAGA provides that "[n]o action shall be brought under this part for any violation of a posting,

26   notice, agency, reporting, or filing requirement of [the Labor Code], except where the filing or

27   reporting requirement involves mandatory payroll or workplace injury reporting."  Cal. Lab. Code

28   § 2699(g)(2).  The complaint, in turn, brings a claim for PAGA penalties for a violation of section

1  246(h)'s requirement that an employer "provide an employee with written *notice* that sets forth

2  the amount of paid sick leave available."  Compl. ¶¶ 56–61 (emphasis added); *id.* at 11.  There is

3  scant case law interpreting section 2699(g)(2), but the plain statutory language indicates section

4  246(h) is a notice requirement within the meaning of that provision.  Section 2699(g)(2) broadly

5  excludes "any" violation of a "posting, notice, agency, reporting, or filing requirement," except

6  for a narrow category of mandatory payroll and workplace injury reporting requirements.

7  Plaintiff does not argue section 246(h) falls within the narrow exception-to-the-exception in the

8  last clause, and the plain language of sections 2699(g)(2) and 246(h) suggests it does not.  Section

9  246(h) requires an employer to provide written notice to an employee; it does not require an

10  employer to file or report payroll or workplace injury information with or to the government

11  agency.  *See Lawrence v. Indus. Apple Inc.*, No. 14-00417, 2015 WL 5088675, at *2–3 (Cal. Sup.

12  Ct. July 27, 2015) (Trial Order) (distinguishing "filing or reporting requirements" from "posting

13  or notice requirements").

14          The court is not persuaded by plaintiff's argument that in light of PAGA's

15  remedial purpose, the exception created in section 2699(g)(2) should be construed narrowly to

16  cover only notices and postings advising of "static employee rights (i.e. notice of workers'

17  compensation carrier and coverage under Labor Code 3550; notification of established paydays

18  required by Labor Code 207)," and not those advising of changing substantive information, such

19  as paid sick leave available under section 246.  Pl.'s Further Suppl. Brief at 2.  Nothing in the

20  language of section 2699(g)(2) supports plaintiff's reading.  The Legislature could have limited

21  section 2699(g)(2)'s exception to specific notice provisions of the Labor Code.  Or it could have

22  carved out an exception-to-the-exception for notices advising employees of "changing substantive

23  information," as it did with mandatory payroll and workplace injury reporting requirements.  But

24  instead, the Legislature chose to exclude broad categories of requirements, including all notice

25  requirements of the Labor Code, from PAGA's enforcement scheme.

26          Because the text of PAGA itself precludes a private person from bringing a PAGA

27  action to enforce section 246(h), the court need not reach defendant's third argument, that section

28  248.5(e) independently bars plaintiff from recovering PAGA penalties.  The court notes that its

1    interpretation of section 2699(g)(2) is consistent with the language of section 248.5(e).  Under the

2    court's interpretation, each statute provides that only the LWDA may recover civil penalties for a

3    violation of section 246(h).  *See* Cal. Lab. Code § 248.5(e) (providing that the Labor

4    Commissioner may bring a civil action for specified civil penalties, but then stating that "any

5    person or entity enforcing this article on behalf of the public as provided for under applicable

6    state law shall, upon prevailing, be entitled only to equitable, injunctive, or restitutionary relief,

7    and reasonable attorney's fees and costs").

8           In summary, section 2699(g)(2) bars plaintiff as a matter of law from bringing a

9    PAGA action for the alleged violation of section 246(h)'s notice requirement.  Accordingly, the

10   court DISMISSES plaintiff's request for penalties under sections 248.5 and 2699(f) without leave

11   to amend.  *See Cafasso*, 637 F.3d at 1058.

12          D.      Injunctive Relief

13          Plaintiff's request for injunctive relief lacks a cognizable legal theory.  As

14   explained above, there is no private right of action to directly enforce section 246(h).  In addition,

15   plaintiff cannot seek injunctive relief on behalf of the LWDA through a PAGA action because, as

16   discussed above, section 2699(g)(2) entirely bars plaintiff from bringing a PAGA action for a

17   violation of section 246(h)'s notice requirement.[5]

18          The complaint invokes no other statutory framework for seeking injunctive relief.

19   Even if plaintiff could amend the complaint to identify a different statutory pathway, plaintiff, a

20   former employee, would lack standing to seek injunctive relief.  *See Hangarter v. Provident Life*

21   *& Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) ("In the context of injunctive relief, the

22   plaintiff must demonstrate a real or immediate threat of an irreparable injury [to have Article III

23   standing]." (citation and emphasis omitted)); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d

24   970, 986 (9th Cir. 2011) (certain plaintiffs, as former employees, did not have standing to pursue

25   injunctive relief in an employment action).

26   _____

27   [5] The court here does not decide whether plaintiff's qui tam theory of standing would otherwise
     have merit.  *See* Opp'n at 5–6 (arguing plaintiff can seek injunctive relief on behalf of the
     LWDA, which is the real party in interest in a PAGA action); Pl.'s Suppl. Brief at 4–5.

28

1       Because amendment would be futile, the court DISMISSES plaintiff's request for

2  injunctive relief without leave to amend.  *See Cafasso*, 637 F.3d at 1058.

3  IV.      CONCLUSION

4       For the foregoing reasons, the court GRANTS defendant's motion to dismiss.

5  Accordingly, the court DISMISSES plaintiff's fifth claim for failure to provide notice of paid sick

6  leave in violation of section 246(h) without leave to amend.  This leaves the complaint's first

7  through fourth claims for various violations of the California Fair Employment and Housing Act,

8  Cal. Gov't Code § 12940 *et seq.,* on which the case proceeds.

9       In addition, plaintiff has not responded to the court's August 9, 2016 order to show

10  cause why the "Doe" defendants should not be dismissed.  ECF No. 19.  Accordingly, the court

11  DISMISSES the "Doe" defendants.

12       IT IS SO ORDERED.

13   DATED:  September 13, 2016.

14

15  _____

16  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28